### JAMES RILEY *vs.* CONRAD HAMMEL.

In trespass *qu. cl.* the defendant claimed that the *locus in quo* was a highway by dedication by the owner of the soil, and requested the court to charge the jury as follows: (1.) That there may be a dedication of an easement over land without express grant in writing, but by parol and other acts of the owner. (2.) That when the owner of city property, who has laid it off into lots, with streets, avenues and alleys intersecting it, sells his lots, or any of them, with reference to a plat in which the same is so laid off, his acts will amount to a dedication of the designated streets, avenues and alleys to the public (3.) That where an intention to dedicate is clearly manifested, the dedication, as far as the owner of the soil and those who hold under him are concerned, has been made, and when once made cannot be revoked.

The court charged the jury, that there may be a highway by dedication, but in order to make a public highway by dedication, the owner of the land must unequivocally dedicate it to the use of the public, and the public must accept it; but the acceptance may not be required to be by public vote, or any act of an official or corporate body, but will be presumed if the public enter upon and use the highway as a highway.

Held, that the charge was correct, and as fully responsive to the requests of the defendant as he was entitled to receive.

TRESPASS *qu. cl. fregit*; brought to the Court of Common Pleas, and tried on the general issue closed to the jury, (*Willey, J.,*) with notice that the *locus in quo* was a highway. The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the charge of the court.

*Converse,* in support of the motion, cited *Noyes* v. *Ward,* 19 Conn., 250; *Curtiss* v. *Hoyt,* id., 154; *Guthrie* v. *Town of New Haven,* 31 id., 308; *Green* v. *Town of Canaan,* 29 id., 157; *Brown* v. *Wheeler,* 17 id., 345; *Roe* v. *Jerome,* 18 id., 138; *City of Cincinnati* v. *Lessee of White,* 6 Pet., 431; *Hobbs* v. *Inhabitants of Lowell,* 19 Pick., 405; 2 Greenl. Ev., sec. 662; *State* v. *Trask,* 6 Vt., 355; *Olcott* v. *Banfill,* 4 N. H., 537; *Cleveland* v. *Cleveland,* 12 Wend., 172; *In the Matter of Seventeenth Street,* 1 id., 262; *In the Matter of Lewis Street,* 2 id., 472; *Livingston* v. *Mayor &c. of New York,* 8 id., 85; *Wyman* v. *Mayor &c. of New York,* 11 id., 487; *In the Matter of Furman Street,* 17 id., 649; *In the Matter of Thirty-Second Street,* 19 id., 128; *In the Matter of Twenty-Ninth Street,* 1 Hill, 189; *The People* v. *Lambier,* 5 Denio, 9; *Badeau* v. *Mead,* 14 Barb., 328; *Mayor of Jersey City* v. *Morris Canal & Banking Co.,* 1 Beasley, 547; Washburn on Easements, secs. 18, 19, 20, 23, 24, 28; Angell on Highways, secs. 149, 154, 156, 168.

*Brandegee,* contra.

FOSTER, J. From the manner in which this motion has been argued by the defendant's counsel, we are not certain that the question he wishes to have decided is really before us. Taking the record, as we must, precisely as it stands, it shows that:

"The defendant claimed and asked the court to charge the jury: (1.) That there may be a dedication of an easement over lands without express grant in writing, but by parol and by other acts of the owner. (2.) That when the owner of city property, who has laid it off into lots with streets, avenues and alleys intersecting the same, sells his lots, or any of them, with reference to a plat in which the same is so laid off, his acts will amount to a dedication of the designated streets, avenues, and alleys to the public. (3.) That when an intention to dedicate is clearly manifested, the dedication, so far as the owner of the soil and all who hold under him are concerned, has been made, and when once made cannot be revoked.

" But the court charged the jury as follows, to wit : There may be a highway by dedication, but in order to make a public highway by dedication, the owner of the land must unequivocally dedicate it to the use of the public, and the public must accept the same ; but the acceptance may not be required to be a public vote, or any act of an official or corporate body, but will be presumed if the public enter upon and use the way as a highway ; and such user need not continue for a period of fifteen years, in order to constitute such way a public highway."

Was this instruction to the jury correct in point of law ? Was it as fully responsive to the requests of the defendant as he was entitled to receive ?

These are the only questions presented on the motion, and we answer them affirmatively. The law relating to the manner in which highways may be established by dedication has been very fully discussed and considered by this court in various cases. *Sherwood* v. *Weston,* 18 Conn., 32 ; *Curtiss* v. *Hoyt,* 19 id., 154 ; *Noyes* v. *Ward,* id., 250 ; *Green* v. *Canaan,* 29 id., 157 ; *Guthrie* v. *New Haven,* 31 id., 308. The correctness of the charge, we think, is fully sustained by these decisions. The intention, which so far as the owner of the soil is concerned is the essence of dedication, ought to be. clear, manifest, unequivocal ; and then there must be some assent, some acceptance, on the part of the public, to establish a highway in this particular manner. The charge on this point was quite as favorable to the defendant as the law warrants.

We are also of opinion that the charge was as fully responsive to the second and third requests of the defendant as the court was required to give.

The proposition embodied in the second request of the defendant is not, we think, strictly correct in point of law. It implies that a public highway may be constituted, established, by the act of the owner of the soil. The law is otherwise. Over and above the act, and all acts of the individual owner of the soil, there must be some act on the part of the public, to establish a public highway. Besides, the acts set forth in

this second request of the defendant must have been taken by the jury in this case, and such acts must always be taken, in connection with the facts and circumstances surrounding them, the representations made explaining or controlling them. What was the purpose, the intent of the party? Thus this question becomes one of fact rather than of law.

As to the third request, while it is true that the owner of the soil after he has dedicated it to the public for a highway cannot revoke it after it has been accepted by the public, it is not true that he cannot revoke it before it has been accepted. Suppose it is not accepted at all. If he cannot revoke it, he has lost his land, and yet nobody has gained any right to it. Besides, nothing appears on the motion going to show that any question arose on the trial as to the plaintiff's right to revoke, or that he claimed or exercised such a right. Unless he did so, this instruction would be wholly unnecessary. The motion for a new trial is denied.

In this opinion the other judges concurred.