JOHN DOYLE AND WIFE *vs.* INHABITANTS OF VINALHAVEN.

Knox, 1874.—May 31, 1877.

*Way.*

A town is not liable for injuries occurring without the limits of a road legally located or legally existing by virtue of a long continued user.

If road commissioners of their own authority extend the limits of the road, the town is not liable.

If individuals build a sidewalk of their own motion outside of the limits of the road, they do not thereby render the town liable for its defects.

If they build it upon land illegally taken by the road commissioners outside of the limits of the road, the town is not responsible for the defects of the sidewalk so built without its authority and which they would be trespassers in attempting to repair.

ON EXCEPTIONS to the exclusion of evidence.

CASE for injuries to plaintiff wife from defective sidewalk. How the legal point was raised appears in the opinion.

*D. N. Mortland & G. M. Hicks,* for the defendants.

*A. S. Rice & O. G. Hall,* for the plaintiffs.

If the line of a highway is not indicated by any visible objects and the defect is within the limits of the general course and direction of travel, and where travelers are accustomed to pass, and there is nothing which gives notice to a traveler injured by such defect that he is not within the way intended for public travel, the other statute requisites being proved, the town is liable, although its officers may be trespassers upon adjoining owners. *Hayden* v. *Attleborough,* 7 Gray, 338. *Coggswell* v. *Lexington,* 4 Cush. 307.

The case of *Gilpatrick* v. *Biddeford,* 51 Me. 182 and 54 Maine, 93, involves a different principle, and is not applicable to this case.

APPLETON, C. J. The general rule is well settled that a town is not liable for injuries occurring without the limits of the road legally located or legally existing by virtue of a long continued user. *Willey* v. *Ellsworth,* 64 Maine, 57.

The injury in the case at bar arose from a defect in a sidewalk built a month or so previous to its occurrence by private indivi-

duals without precedent direction or authority from the town or its officers or subsequent assent to or acceptance of what had been done either by work or labor on the same or in any other way.

A town is liable for damages resulting from a defective sidewalk of its own erection within the limits of the road or on which it has made repairs within six years before the injury. R. S., c. 18, § 66. The evidence negatives all action on the part of the town or its officers in relation to the same.

The defendants claimed that the sidewalk was without the limits of the road, however established, and that land had been taken by the road commissioners that never had been occupied for a highway before, without authority and as trespassers on the owners of the adjoining land, the sidewalk being built on the land so taken ; but the court excluded the answers to inquiries put for the purpose of eliciting these facts.

Widening a road is one thing ; repairing a road is another and very different thing. The former, the road commissioners cannot legally do. It is their duty to do the latter. They have no right at their own motion to enlarge the limits of a highway. The town is not responsible for their unauthorized acts. If the road commissioners, of their own authority, extended the limits of the road, the town would not be liable therefor. *Gilpatrick* v. *Biddeford*, 54 Maine, 93. If individuals build the sidewalk of their own motion outside the limits of the road, they could not thereby render the town liable for its defect, though they might render themselves liable. If they built it upon land illegally taken by the road commissioners outside the limits of the road, the town would not be responsible for the defects of a sidewalk built without its authority and which they would be trespassers in attempting to repair. *Exceptions sustained.*

WALTON, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.