### GEORGE E. GAYLORD AND WIFE *vs.* THE CITY OF NEW BRITAIN.

Hartford Dist., Oct. T., 1889. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and FENN, Js.

A city negligently allowed a gutter, constructed to drain a sidewalk, to become clogged, so that water from the melting of snow piled by the side of the walk could not escape, but overflowed the walk, and in that condition froze. A person passing upon the walk slipped upon the ice a few hours after it had formed, and was injured. Held that the city was liable.

[Argued October 1st, 1889—decided January 6th, 1890.]

ACTION for an injury to Sarah L. Gaylord, one of the plaintiffs, from slipping upon ice which had been negligently allowed to accumulate upon a sidewalk of the defendant city; brought to the Court of Common Pleas of Hartford County, and tried to the court before *Calhoun, J.* Facts

found and judgment rendered for the plaintiffs, and appeal by the defendant. The case is fully stated in the opinion.

*P. J. Markley*, for the appellant, cited—2 Dillon on Mun. Corp., § 1006 ; *Congdon* v. *City of Norwich*, 37 Conn., 414 ; *Landolt* v. *City of Norwich*, id., 615 ; *Dooley* v. *City of Meriden*, 44 id., 117 ; *Burr* v. *Town of Plymouth*, 48 id., 460.

*L. S. Burr*, for the appellees, cited—*Manchester* v. *City of Hartford*, 30 Conn., 118 ; *Cusick* v. *City of Norwich*, 40 id., 375 ; *Cloughnessey* v. *City of Waterbury*, 51 id., 405 ; *Tripp* v. *Inhab. of Lyman*, 37 Maine, 250 ; *Horton* v. *Inhab. of Ipswich*, 12 Cush., 488 ; *Morse* v. *City of Boston*, 109 Mass., 446.

FENN, J. On the evening of February 19th, 1888, Mrs. Gaylord received injuries occasioned by slipping on ice which had accumulated on a flagged walk in the defendant city. This ice had formed the same day from the melting of snow piled between the sidewalk and curb, in a space seven feet in width. For several weeks the sidewalk had been covered with water for a considerable distance at and east and west of the place of the injury, whenever the weather was warm enough to melt the adjacent snow. The residents would clear off or cover the ice in the morning, but ice would form anew toward evening from the snow melted by day. Of this condition of things the defendant was fully informed, and the street commissioner had been twice notified, once at least ten days before February 19th, 1888, that the sidewalk was inconvenient and unsafe by reason of the constant accumulation and re-accumulation of ice, and that an accident was probable in consequence.

The difficulty could have been removed and the sidewalk made safe if the gutter on the same side of the street had been kept properly cleaned, or if the snow between the sidewalk and curb had been removed, either of which things could have been done without unreasonable trouble and expense ; and the defendant had ample time after notice to

make the sidewalk safe, but neglected to do so. The gutter on that side of the street and in front of the place of the accident had been cleared by the defendant on the 8th, and again on the 15th of February, 1888, but at the time of the accident was so clogged as to prevent the flow of water.

On these facts the court found negligence in the defendant, and that such negligence consisted in not removing the cause of the trouble, which was the snow between the curb and sidewalk, or in allowing the gutter to become improperly obstructed, though fully aware that the sidewalk from the ice formations had been a long time, and was likely to continue to be, dangerous to travelers. Is there manifest error in such finding?

The liability of cities and boroughs for injuries occasioned by icy walks has been fully enunciated and explained by this court in repeated decisions, and the nature and limitations of such liability have been clearly defined and are undoubtedly well understood. It requires no further discussion here. It is sufficient to say that we are aware of no case, in this or any other jurisdiction, wherein the liability of a corporation is extended in such regard beyond responsibility for existing defective conditions within the limits of a walk of which it had, or ought to have had, knowledge, or in which it has been held that a duty devolved upon any such corporation to remove snow or ice, so long as it existed in the state and situation in which it originally fell, or was formed outside the actual limits of the walk by reason of mere proximity and consequent liability to spread over and thereby render dangerous the walk itself. If such a duty can ever exist we confess that we should be slow to find it; and if it were necessary in order to vindicate the judgment of the court below to so hold, we should scarcely hesitate to declare such judgment erroneous.

Such necessity, however, does not exist. For whether in strict consistency with the statement we have just made, the decision, under the peculiar and exceptional facts disclosed in the finding, should be sustained, as based upon the negligence of the defendant in failing to remove the adja-

cent snow which had been piled and left between the sidewalk and the curb, such snow not existing in the situation where it fell, but having been there accumulated, it is unnecessary to determine, for there is another ground upon which we think the decision of the court below can be clearly vindicated, perhaps in more strict conformity to the allegations of the complaint, which alleges that on February 19th, 1888, and long prior thereto, the defendant had permitted ice and snow to accumulate upon the walk described, and that they were so allowed to accumulate by reason of the negligence of the defendant in caring for the sidewalk and the gutter contiguous thereto, and by reason of the refusal of the defendant to properly care for the same, though often requested.

The court below, as we have seen, found that at the time of the accident the gutter was so clogged as to prevent the flow of water, and that the difficulty could have been removed and the sidewalk made safe if the gutter had been kept properly cleared, which could have been done without unreasonable trouble and expense, and that the defendant had ample time after notice and before the accident to do so, and that the defendant was guilty of negligence in allowing the gutter to become improperly obstructed.

So that, leaving the decision of all questions of fact, where by law they pertain, to the trial court, the sole question of law which remains for us to review is, whether the court erred in holding that a duty rested upon the defendant to clear the gutter from improper obstructions, when it could be done without unreasonable trouble or expense, and when it possessed full actual knowledge of its condition, had ample time to do it, and knew that the direct and immediate result of such condition of the gutter was to render the sidewalk inconvenient and unsafe by reason of the constant accumulation and re-accumulation of ice, and that an accident was probable in consequence; a question which it seems to us needs only to be stated to carry upon its face its own manifest answer in the negative.

It will not be denied that a city is under some obligation

in reference to the construction 'of necessary gutters to drain its walks, and a like obligation may exist to care for such gutters when constructed. In either case the duty is preventive in character.

There is no error in the judgment appealed from.

In this opinion ANDREWS, C. J., and CARPENTER, J., concurred.

PARDEE, J., (dissenting.) There was no structural defect in the highway; neither in the part adapted to the passage of vehicles, nor in that to foot passengers, nor in the gutter.

The defendant moved snow from the inner to the outer edge of the sidewalk, but placed none in the gutter: it did not increase the quantity of the water in the gutter. It only omitted to foresee that water from snow melting where it fell, might run upon the walk and might thus become ice dangerous to passengers.

Of course some of the water resulting from the melting of snow which has fallen upon a city of undulating surface will run over the sidewalks. Possibly a portion of this will there become ice dangerous to the traveler. But, because of all this, the obligation is not upon the city, by way of prevention, to remove the snow from its entire surface. This would involve an intolerable expense, but no precaution less thorough than this would suffice, for equal protection must be provided for all places.

The city assumes no legal responsibility by permitting snow to melt where it falls; none when it melts, by leaving the water to find its way into a properly constructed gutter, even if a part flowed upon the sidewalk. There is no legal obligation upon the city to foresee and prevent the freezing of water from melted snow. The responsibility upon it in reference to the ice in question is precisely that which is upon it in reference to ice from water from snow which fell upon adjacent land; that is, to remove or cover it upon reasonable notice. Of the ice in question the city had not

such notice. It formed at nightfall and the plaintiff fell in the evening. It is of no legal significance that the city had knowledge that in repeated instances ice had formed at the same place. The ice which caused the fall of the plaintiff was a new and independent formation. In reference to it the city was entitled to the same notice as if it had not previously formed there.

LOOMIS, J., concurred in this opinion.