THE CITY OF HARTFORD *vs.* THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

Hartford Dist., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

Under the allegation of a "public street or highway duly and legally established," evidence of a highway by dedication and public acceptance is admissible.

The questions of dedication and acceptance are questions of fact. In order to create a public highway by dedication the owner of the land must unequivocally dedicate it to the use of the public as a highway and the public must accept it. This acceptance may be presumed if the public enter upon the land and use it as a highway.

A space in close proximity to a railroad station was, before the railroad was constructed, a part of a highway by dedication. The tracks of the railroad were laid across it, and its ordinary use by the public was greatly reduced, and for thirty-five years its principal use was by persons going to and from the passenger station of the company and teams going to and from its freight station. The railroad company claimed that upon these facts a license must be inferred for such use and an abandonment of the road by the public for general use. The court below found that no such license existed. Held that, this being a question of fact, the finding was conclusive; but that if the question was to be regarded as one of law, there was nothing in the character of the use which compelled the court to infer the license as a matter of law.

Non-user of a highway by the public for many years is *primâ facie* evidence of abandonment; but the abandonment must be voluntary and intentional.

The court below found that the public had never abandoned the place in question as a highway unless such abandonment must legally be in-

ferred from the facts found.   Held that there was nothing in the facts which compelled the court to infer an abandonment as a matter of law.

[Argued May 16th—decided July 10th, 1890.]

SUIT for an injunction against the obstruction of a claimed highway of the plaintiff city by the defendant company; brought to the Superior Court in Hartford County, and heard before *Fenn, J.*   Facts found and judgment rendered for the plaintiff, and appeal by the defendant.   The case is fully stated in the opinion.

*S. E. Baldwin* and *E. D. Robbins*, for the appellant.

*C. J. Cole* and *W. F. Henney*, for the appellee.

SEYMOUR, J.   In this case the plaintiff demands an injunction against alleged encroachments and obstructions upon a public highway, known as Church street, in the city of Hartford, which, it claims, runs west from Main street, across the tracks and road-bed of the defendant, to Spring street.

The defendant's answer denies that said highway runs across its tracks and road-bed or that there is any duly established highway between Union Place and Spring street over its track and road-bed, or that the acts complained of were, any of them, done, or intended to be done, upon or in any highway.

It also demurred to so much of the prayer of the complaint as asks for a mandatory injunction against the continuance of the encroachments, on the ground that the complaint states no cause therefor and there is remedy at law.

The Superior Court granted the injunction and made a finding of facts which is before us on the defendant's appeal.

The principal contest in the case is made over the question whether Church street is a public highway between Union Place and Spring street; that is, at the place occu-

pied by the defendant's tracks and road-bed and where the claimed obstructions were placed.

The defendant admitted the existence of a highway, called Church street, running west from Main street, nor did it, in terms, deny that it runs east from Spring street, but it did deny, as already stated, that it runs over its tracks and road-bed.

The plaintiff claimed that Church street at, and including, the place in dispute, is, and was at the time of the alleged encroachments therein, a public highway by dedication and acceptance. This the defendant denied, and further claimed that the rights of the public in and to the same, at the point in question, were lost by abandonment, if any such rights ever existed.

On the trial the defendant made two objections to the admission of evidence, which we will consider before going further. It claimed that, under the allegation in the complaint of a " public street or highway duly and legally established," evidence of a highway by dedication was not admissible. The finding does not show upon what ground the objection was made, but the brief claims that the allegation required proof of a highway established by due proceedings under statutes and ordinances. The court admitted the evidence, and properly. The words " duly and legally established " are not confined to the technical meaning claimed for them. A highway created by dedication may, without violence to language or the general understanding of the meaning of terms, be said to be duly and legally established.

It is found that while the evidence was being taken " the plaintiff's counsel referred to a former suit between the parties in the same court, and suggested that the record be sent for and laid in. The court said this seemed unnecessary; that if the matter became important the court could take judicial notice of it. The counsel for the defendant said they should object to this. No further reference was made to the matter, and the court never saw the file or record and never thought of it again until asked to include the circum-

stance in the additional finding." The error assigned is that the court held that it could take judicial notice of the files and records in another suit formerly pending in that court between the parties, to which the plaintiff referred as being proper evidence in its behalf.

It is manifest, without argument, that there is no foundation for the defendant's claim in this behalf. It would be going quite ridiculously far to hold that it is error for a judge to state, in respect to a record of his own court, that if it becomes important he can take judicial notice of it, especially when it further expressly appears that he did not take judicial or other notice of it. And to hold, as urged by the defendant, that it was error in the court for counsel to refer to the existence of this record, would be to recognize a species of vicarious error which no court can fairly be required to bear.

This disposes of the preliminary questions and brings us to the main issue. Is Church street, at the point in controversy, a public highway?

As already stated, the plaintiff claims that it is a public highway by dedication and acceptance. The existence of a highway may be shown by proof of the dedication of the land for that purpose and its acceptance by the public. Evidence was introduced upon both of these points and is set forth in the findings. At the close of the first finding the court says—" I find that the portion of said Church street between High street and Spruce street, and which is covered by the tracks of the defendant, became a public highway by dedication and acceptance, as evidenced by the facts and in the manner hereinbefore shown; and that the right of the public therein has never been abandoned or lost." The additional finding, which was made to set out more particularly some of the defendant's claims, says— " The court overruled all of said claims, so far forth as was necessary to find and hold that, upon the facts as actually found by the court, which were in some respects different from what the defendant claimed, that portion of Church street, between High street and Spruce street, which is cov-

ered by the tracks of the defendant, for its entire forty feet width, became a public highway by dedication and acceptance; that no license by the railroad company was proved; and that the right of the public therein has never been abandoned or lost, unless indeed the law is so that such license or such abandonment or loss must legally be inferred from the facts specially found."

The court distinctly finds that the *locus in quo* is a public highway—that it became so by dedication and acceptance.

The questions of dedication and acceptance are questions of fact. Was the road dedicated to the public? Did the public accept it? These are the proper enquiries.

There is no claim that the court erred respecting the sort of proof required to establish a highway by dedication. The complaint really is that the evidence was not sufficient in amount to authorize the conclusion of fact. What we are asked to do is to pass upon the correctness of the conclusion of fact. Our court holds, as matter of law, that, in order to create a public highway by dedication, the owner of the land must unequivocally dedicate it to the use of the public, and the public must accept it; that the acceptance need not be by public vote or any act of an official or corporate body, but may be presumed if the public enter upon and use the highway as a highway. There is no claim that the Superior Court failed to recognize and apply this rule of law. The judge found, upon evidence which to him seemed conclusive, that, within the rules of law applicable to the case, a public highway was proved as claimed by the plaintiff, and we are asked, in effect, to re-weigh the evidence.

In *Noyes* v. *Ward*, 19 Conn., 250, the judge charged the jury " that they must find whether the place where the assault was committed was, or was not, a public highway; that it was not necessary, in order to constitute such a highway, that there should be a legal or formal laying out thereof on record; that it was competent for the proprietors of land to dedicate it to the public for their use as a highway, and that, when that was done by them, it thereby became

devoted to the use of the public for that purpose and was a legal and valid highway; that whether a place is a highway by dedication is a question of intention, to be proved by the facts and circumstances of the case," etc. The defendant excepted to these instructions but this court held that they were correct.

In *Green* v. *Town of Canaan*, 29 Conn., 157, the plaintiff introduced evidence to prove that the road in question was a highway by dedication and acceptance. In his charge the judge, after stating the law in regard to highways by dedication and acceptance, added—" If, therefore, the jury shall find that the land on which the road in question is situated had been intentionally appropriated to a public use for a highway * * * and shall also find that the appropriation had been accepted by the town of Canaan, then the highway was at the time of the injury a public highway which the town was by law obliged to keep in repair." The judge then calls attention to what sort of use may be evidence of acceptance, and says—" The importance of this evidence and its force are for the determination of the jury, who must be reasonably satisfied that the town had accepted the road as a public highway." The jury returned a verdict for the plaintiff, and the defendants moved for a new trial for errors in the rulings and charge of the judge. In the opinion this court says :—" We have seen nothing in the rulings of the Superior Court that should entitle the defendants to a new trial. Some apprehension that the jury may have found for the plaintiff, and thus found that there was a public highway at the place of the accident, on evidence not quite sufficient for the purpose, has induced a more careful examination of the case than would otherwise have seemed necessary. But if there was any reason for such apprehension, it is quite obvious that, on this motion, we cannot correct the mistake. And as this is not a motion for a new trial for a verdict against the evidence, it is not to be presumed that we have all the evidence before us so as to enable us to come to any accurate or intelligent consideration of such a question, if it could be admitted that we have the

power to examine it. * * * The charge of the court in respect to the power of the railroad company, in connection with the owners of the soil, to dedicate the land to the public use, seems to us unexceptionable. The fact that the road was originally constructed by the company on its own land and that its usefulness consisted very much in its accommodating those who had occasion to go to their depot, and that it thus tended to increase their business, no doubt went very far to show that this was a private rather than a public road. But this of course was for the jury alone, and if they have given it less weight than we should have done the court is not responsible for it."

So also, in the dissenting opinion, Judges ELLSWORTH and SANFORD, who disagreed with the majority upon another point, say:—"We need not say anything with regard to the dedication of land by individuals for highways so far as it relates to the owners of the soil. Herein we think the views of the judge on the circuit are correct, and that he properly submitted the question of fact to the jury."

In *Riley* v. *Hammel*, 38 Conn., 574, the question was whether the place of an alleged trespass was a highway by dedication. The court charged the jury that there might be a highway by dedication if the owner of the land unequivocally dedicated it to the use of the public and the public accepted it; that the acceptance need not be by public vote or any act of an official or corporate body, but will be presumed if the public enter upon and use the way as a highway, and such use need not continue for a period of fifteen years in order to constitute such a public highway. Upon these instructions the question of dedication and acceptance was left to the jury to decide. On the hearing for a new trial neither counsel nor court suggest that such a course was not the proper and usual one.

*Ely* v. *Parsons*, 55 Conn., 83, was an action of trespass to land. One ground of defense was that the *locus* was a public highway. It was conceded that, if a highway existed, it had become established by dedication alone. The court below made a finding of facts, which concluded as follows:

"The road in question is one of public convenience and necessity, and is a public highway created by dedication of their lands to the use of the public for a highway, by the owners of the lands through which the road passes, and especially by the owners of the plaintiff's land, and by the acceptance thereof by the public as and for a highway. The court came to this conclusion from the facts herein found, derived from all the evidence in the case, and an inspection of the road at the request of the parties." Upon appeal the plaintiff claimed, among other things, "that it was not legally deducible from the facts that this wood road is a highway by dedication and the court below erred in holding that it is." This court quotes the conclusion of the trial court, herein above quoted, and says:—" This is so full and complete as to preclude further contention on this point, unless some error in law intervened to vitiate the result and produce a mistrial. No such error appears, unless the claim of the plaintiff on the trial is correct, as matter of law, that in this state a highway cannot exist by prescription, and that in case of uninclosed and uncultivated land, like the plaintiff's, dedication by the owners for a highway cannot be found from mere use of the road by the public." Commenting upon the fact that the land, over which the way was claimed, was uninclosed and uncultivated, the court says:—" It may be that the trial court did not give this fact the weight it ought to have had, but, if so, this court is powerless to revise any error in the weighing of evidence. In this respect the condition of this court is unlike that of the highest courts of some other jurisdictions, where the finding of the court below does not preclude additional and sometimes contrary inferences of fact in the court above. We find little or no disparity in the authorities upon the proposition that it is a question of fact for the jury to decide, on the evidence in each particular case, whether the facts show an intention to dedicate the *locus in quo* to public use. A question of intention must necessarily be a pure question of fact; * * * in this case the fact of dedication, having been found upon proper and appro-

priate evidence, has been conclusively established." In *Hall* v. *City of Meriden*, 48 Conn., 428, this court, in discussing the question whether the acceptance by the public of a part of a new street constitutes in law an acceptance of the whole, says:—" Upon this point we are unable to entertain a doubt. The acceptance of a street by the public is always one of fact, the law merely contributing its definition of the term."

In view of the above cases, and upon general principles as well, we have no hesitation in holding that the question whether the location here in controversy was a highway by dedication and acceptance, was a question of fact which it was the duty of the trial court to decide. That it did decide it the record shows, and there is nothing in the claim that the reference in the finding to the evidence upon which such decision was reached gives us the power to review it.

In regard to the question of license, the defendant at the trial claimed " that on the facts a license, on the part of the railroads, was implied only for such use of the *locus in quo* as there was by depot passengers or by teams going to and from the houses of the railroad company, the freight yard and freight depot." The facts claimed to be specially pertinent to this claim are set forth as follows:—" During all the period in which the former passenger-depot was standing, namely from about 1850 to 1885 or 1886, platforms ran from the depot to the walk, and the walk was extensively used by passengers going to and from the cars, both of the defendant and of the New York, New Haven & Hartford Railroad Company. The Hartford, Providence & Fishkill Company at one time owned a row of houses on Spruce street and had its freight-yard and freight-station on Spruce street, and a considerable part of the travel over the railroad tracks, at the point in question, was of persons going to and from the stations, depots and railroad property, and carting freight to and from the freight-yard or depot. What proportion or fraction of the entire travel was of this character I am unable to say." It is evident that upon that state of facts this court cannot say that the Superior Court

erred in finding that no license was proved. Nor is there anything in the other circumstances of the case to bring us to that conclusion.

The claim presented by the defendant's brief is, that the court erred in holding that "because no express license was proved, therefore none could be inferred from the facts, unless it must necessarily be inferred as a legal consequence." This statement of what the court held would be misleading if it be taken as asserting that it held, as a general principle of law, that because no express license was found, therefore none could legally be inferred from the facts unless it must necessarily be inferred as a legal consequence. What the court found was "that no license by the railroad company was proved; and that the right of the public therein has never been abandoned or lost, unless, indeed, the law is so that such license or such abandonment or loss must legally be inferred from the facts specially found." The question presented is, must a license be inferred, as matter of law, from the facts specially found. We think there can be no doubt about the correct answer. If the question of license is one of fact, the finding is conclusive. If one of law, to be inferred from the facts, the conclusion of the Superior Court is justified, at any rate to the extent that there is nothing in the finding which compels us, as matter of law, to infer a license.

And so, in respect to the abandonment or loss by the public of its rights in the highway, there is nothing in the finding which compels us to draw an inference of law contrary to the conclusion reached by the Superior Court.

Mr. Washburn, in his work on Easements and Servitudes, p. 661, 3d edition, says:—" It is not easy to define in all cases what would be such an act of abandonment as would destroy a right of easement, and each case seems to be a matter for a jury to determine."

At common law the doctrine of the earlier cases is, that there can be no loss of public right in the highways by mere non-user. Later cases have modified the doctrine. In *Beardslee* v. *French*, 7 Conn., 125, the court says:—

" Evidence to prove a highway often consists in showing that the public have used and enjoyed the road; and the uninterrupted use of it, for a considerable space of time, affords a strong presumption of a grant. On the other hand the non-user of an easement of this kind for many years is *primâ facie* evidence of the release of the right to the person over whose land the highway once ran; and although the precise limit of time in respect of the public use in such cases has not been established, there can be no doubt that the desertion of a public road for nearly a century is strong presumptive evidence that the right of way has been extinguished."

Divers authorities hold that abandonment of a public easement in a highway may be inferred from a non-user commensurate with the period required in order to gain the easement by user or prescription. But this is generally of an easement acquired by prescription. Whether the same limit would apply to public highways by dedication we need not stop to consider. At all events non-user, if continued " for many years," is *primâ facie* evidence of abandonment. But abandonment must be voluntary and intentional.

In *Corning* v. *Gould*, 16 Wend., 535, COWEN, J., commenting on the claimed abandonment of a private way, says :—" I find it perfectly well settled that the enjoyment, nay, all acts of enjoyment, must have totally ceased for the same length of time that was necessary to create the original presumption."

But there is no occasion to refer to authorities. Upon the evidence before it the court found that the public has never abandoned or lost its right in that portion of Church street now in dispute, unless such abandonment or loss must legally be inferred from the facts specially found. It is sufficient to say that we think the facts upon this point, also, justify the conclusion arrived at, and do not compel us, as matter of law, to decide that the highway in question has been abandoned.

The court was warranted, under all the circumstances, 'n granting the prayer for a mandatory injunction, and the

demurrer to so much of the prayer for relief as called for such remedy was properly overruled.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.