MARION LOUISE WADE *vs.* CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1929.
WHEELER, C. J., HAINES, HINMAN, BANKS AND BROWN, Js.

Argued January 17th—decided April 17th, 1929.

*Alexander L. DeLaney,* for the appellant (defendant).

*Richard L. Weldon,* for the appellee (plaintiff).

HINMAN, J.   The plaintiff offered evidence to prove that on December 7th, 1926, while she was walking on the sidewalk on the westerly side of Main Street in Bridgeport at a point near the corner of Elm Street and in front of a building occupied as a store by one Nothnagle, she slipped on ice and snow which had been permitted to gather and remain on the sidewalk, fell and was injured.   No serious question is or can be made that, if the charge was free from harmful error, the evidence as to the facts was sufficient to justify the verdict which the jury rendered.   Discussion may be confined to certain assignments pertaining to refusal to charge as requested and to the charge as given.

The street line in front of the building occupied by Nothnagle is six feet west of the west curb of Main Street, the distance between the west curb line and the building is 12.91 feet, and six feet west of the westerly street line is what is known as a building line.   In the space between the street line and the building there is located a vault light, made of glass and iron, which extends across the entire front of the building.   The

defendant claimed and offered evidence to prove that the plaintiff slipped and fell on the space outside and to the west of the westerly street line, between that line and the building, and requested a charge that if the jury found "that the plaintiff did not fall on the sidewalk proper, but on the . . . vault light or on any part of the so-called sidewalk outside the public highway boundary" their verdict should be for the defendant. The charge on this point was as follows: "The plaintiff claims that she fell in the space between the curb line and the street line. The defendant claims that she fell at a point west of the street line. . . . In considering the obligation of the defendant in this case you need spend no time in determining whether the plaintiff fell at a point east or at a point west of the street line of Main Street. The obligation of the defendant was the same for two reasons: First, the duty of the city of Bridgeport to use reasonable care in keeping all of its sidewalks reasonably safe for travel by pedestrians is commensurate with its right of control, and that extends to all sidewalks necessary for public convenience. A sidewalk and a street commonly used as such by the public for a course of years is none the less a sidewalk because it was planned and built by private enterprise. Second, an object or a state of things outside of the line of the street may render travel unsafe and make a city liable for an injury occasioned by it."

The first of the reasons so given had unmistakable reference to holdings in *Manchester* v. *Hartford,* 30 Conn. 118, and *Hillyer* v. *Winsted,* 77 Conn. 304, 59 Atl. 40, the language employed being adapted from the opinion in the latter case, page 308. Both of these cases, however, concerned sidewalks located within the street limits, and we find nothing to indicate that the rule therein stated would or might be applicable to

walks, or portions thereof, outside the street line. The second apparently refers to the cases concerning excavations or similar sources of danger situated outside the street or highway but, because of proximity thereto or like considerations, constituting " 'so direct a menace to travel over the way and so susceptible to protection or remedial measures which could be reasonably applied within the way, that the failure to employ such measures would be regarded as a lack of reasonable repair.' " *Smith* v. *Milford,* 89 Conn. 24, 31, 92 Atl. 675; *Udkin* v. *New Haven,* 80 Conn. 291, 297, 68 Atl. 253; *Beardsley* v. *Hartford,* 50 Conn. 529, 538; *Norwich* v. *Breed,* 30 Conn. 535, 549; *Gaylord* v. *New Britain,* 58 Conn. 398, 400, 20 Atl. 365. The limitations of the municipal liability so imposed are well illustrated by *Beardsley* v. *Hartford, supra.* In that case the surveyed street line was about six and one half feet from the front of a building, but the whole distance from the curbstone to the building was covered with flagging stones and there was no visible mark thereon to indicate where the street line was. The source of danger was a flight of steps, leading down to a basement under one of the stores by which the first floor of the building was occupied. The opening of the stairway extended out from the front of the building four feet and seven inches. The question presented was whether it was the duty of the defendant city to have protected these basement steps by a railing or barrier. It was observed (p. 539) that the city had no power to erect a railing that should simply fence in the stairway, in front and on the sides. "It would have had to go upon private ground to do this, and that it had no right to do. It could only erect a railing along the outer line of the sidewalk in front of the stairway," and this would not have protected travelers from getting behind it unless it was carried along the whole front, thereby

cutting off all access to the hotel and stores in the building, except through gates to be opened and shut as people passed in and out. This, as the opinion demonstrates, would be not only unreasonable to the point of absurdity but intolerable and destructive in its results, especially as applied to business sections and properties. "If the erection of a barrier in front of such an entrance is what the city has no right to do, or if, having the right, it is what it cannot reasonably be expected to do, . . . there is no negligence in the omission to do it." (p. 543.)

The same reasons appear to be applicable to the instant case. We can conceive of no measures of protection against snow and ice on the property of the abutting owner which the city could have taken, admissibly or reasonably, within the street limits, nor can we perceive any more right to remove it than these cases accorded the municipality to erect a railing or take other protective or remedial measures on private ground. The conditions disclosed by the finding do not constitute a common or public nuisance endangering public travel which the city might have the power to abate or cause to be abated, as such. *Dunham* v. *New Britain,* 55 Conn. 378, 11 Atl. 354; *Ruocco* v. *United Advertising Corporation,* 98 Conn. 241, 247, 119 Atl. 48; 3 McQuillin on Municipal Corporations, §§ 955, 959; Joyce on Nuisances, § 345 *et seq.* If there was no such right there could be no correlative duty upon failure to perform which liability could be predicated. *Udkin* v. *New Haven, supra.*

The cases which accord to a person injured by sources of danger on private property adjacent to public sidewalks the legal status of a traveler rather than a trespasser are not inconsistent with this view; on the contrary, they tend to indicate that liability arising from such defects as are here in question rests primarily

upon the person or corporation owning or controlling such abutting property instead of upon the municipality. *Sedita* v. *Steinberg,* 105 Conn. 1, 134 Atl. 243, and cases cited. Most of these cases involved, as here, buildings set back from the street line with pavement, uniform with that of the sidewalk, extended to the building. The streets of our cities, especially in the mercantile and manufacturing districts, abound in such instances. The fact that the property owner has so built and maintained such paving outside of the legal boundary line of the street as to give it the appearance of a part of the public sidewalk is the principal consideration upon which persons traveling on such privately-owned portion are relieved of the disabilities of trespassers. *Crogan* v. *Schiele,* 53 Conn. 186, 198, 1 Atl. 899, 5 id. 673. But neither this nor the mere indication afforded thereby that the owner had thrown open to public use that part of his property covered by the extended sidewalk is sufficient to transfer control and shift the consequent liability from him to the city. This is clear from the conclusions reached in the cases above referred to, especially *Beardsley* v. *Hartford.* See also *Bishop* v. *Centralia,* 49 Wis. 669, 678, 6 N. W. 353. An established dedication of the extended walk to public use would work such a transformation, as would, also, an unequivocal exercise of jurisdiction and control thereof by the city, but the finding, by which the charge must be measured, contains nothing on which dedication or an assumption of such control could be based. The statement in the charge, that the entire space from the curb line to the building had been used by pedestrians as a sidewalk for at least ten years, is not only unavailable to us in support of the charge, but leaves unsatisfied the manifestation of intention of the owner which is requisite to dedication. *Riley* v. *Hammel,* 38 Conn. 574, 576; *Hartford* v. *New*

*York & N. E. R. Co.* 59 Conn. 250, 256, 22 Atl. 37; *Kent* v. *Pratt,* 73 Conn. 573, 578, 48 Atl. 418; *Loomis* v. *Connecticut Ry. & Ltg. Co.,* 78 Conn. 156, 161, 61 Atl. 539; *Morse* v. *Ranno,* 32 Vt. 600, 606. The existence of the vault light, also, is of significance inconsistent with dedication as well as with abandonment of control by the owner and assumption thereof by the city.

*Stone* v. *Attleborough,* 140 Mass. 328, 4 N. E. 570, concerned a walk, of uniform surface and pitch, of the width of which five feet was within the street line and about eight feet outside. The curb was set by the town and the entire walk built by the abutting owner, seven or eight years before, and the whole walk was used by travelers. The plaintiff, who slipped on the walk outside the street line, was denied recovery on the ground that the municipality was not bound to keep that portion in repair. See also *Stockwell* v. *Fitchburg,* 110 Mass. 305; *Doyle* v. *Vinalhaven,* 66 Me. 348.

The finding in the present case is barren of any claimed facts tending to establish either dedication or construction, repair, or other exercise of physical control by the defendant city, over that part of the sidewalk situated west of the street line. Upon this finding the instruction under consideration was incorrect and the defendant was entitled, instead, to one in substantial accordance with its twentieth request to charge. It follows, also, from this conclusion, that the interrogatory, requested by the defendant, adapted to disclose the jury's finding as to whether the plaintiff fell within or outside the street line, should have been submitted.

The defendant assigns error in failing to charge, as requested, that if the jury found that the owner of the adjoining property had done all that reasonable

care required it to do under the circumstances and all that the city could have required it to do to make the sidewalk reasonably safe for travel, they should find that the city was not negligent. Instruction was given, and not appealed from, that "when it is shown that a property owner has done all that is necessary to make a sidewalk reasonably safe, either by clearing the walks from ice or snow, by sprinkling sand or ashes over the walk when recurring conditions of snow being tracked in from the roadways by foot passengers crossing the roadways adjacent to the scene of the alleged accident make it difficult to remove the ice or frozen and trodden snow, then the town or city may be considered to have used due care if you find that in all other respects it has used due care." We have recently had occasion to point out that the measures taken by the owner of property adjoining a public sidewalk toward cleaning it or otherwise safeguarding its condition avail to relieve the city of liability either if the walk was thereby rendered reasonably safe under all the circumstances and conditions surrounding the city, or if the act, had it been done by the city instead of the property owner, would have been sufficient to constitute reasonable care on the part of the city. *Kristiansen* v. *Danbury*, 108 Conn. 553, 143 Atl. 850. Neither the request nor the charge covered the first aspect of this twofold proposition—the actual rendering the walk reasonably safe—and neither presented the second element with entire accuracy; of the two the charge is preferable, except that it lacks the specific application of the general principle to the claimed facts which is desirable and useful in order to give the jury to understand what circumstances and conditions may bear upon and affect liability. Refusal to charge in accordance with the request was not erroneous.

The plaintiff claimed to have proved that the de-

fendant had permitted ice and snow "to gather and remain on the sidewalk for an unreasonable length of time." The trial court charged the jury concerning the effect, as to notice to the defendant city, of the existence of such conditions "for such a length of time that with reasonable diligence and care on the part of its officers it ought to have known of such defect." Without more, the "officers" as referred to might fairly be regarded as those of the street department, or similar immediate representatives of the city charged with a duty of remedying or reporting defects in the streets and sidewalks, and the charge in this respect held to involve no prejudice to the defendant. But after referring to the evidence offered by the plaintiff on this point, the charge continued: "It is your duty to determine if the plaintiff has proved by a fair preponderance of the evidence that the sidewalk in question . . . was defective by reason of snow and ice, and if it had been so for such a period of time that the city with competent officers and police department should have had notice of such condition." Notice to a policeman ordinarily is not notice to the municipality except where it is shown that he is charged with the duty of remedying or reporting defects. *Cummings v. Hartford*, 70 Conn. 115, 38 Atl. 916; 6 McQuillin on Municipal Corporations, § 2810. There is no indication in the record that any such duty was delegated, by ordinance, rule, or otherwise, to members of the police department of the defendant city. Instruction that notice to them would constitute notice to the city was not warranted, nor was the injection of the element of competency of the city's officers. The potentialities for harmful effect of the inclusion of policemen among the constructive recipients of notice are sufficiently evident from the finding, which discloses that the walk was in a much traveled part of the busi-

ness section, and are accentuated when, in reading the evidence in considering the motion to set aside the verdict, we learn that a traffic officer was regularly on duty at the street intersection within a few feet of the place where the plaintiff fell.

The remaining reasons of appeal pertaining to the charge develop no prejudicial defects, and such other requests as the defendant was entitled to have granted were sufficiently acceded to.

There is error and a new trial is ordered.

In this opinion the other judges concurred.