GERTRUDE DEPAOLIS
vs.
CITY OF HARTFORD

Superior Court       Hartford County       File #51606

Present: Hon. ALLYN L. BROWN, Judge.

E. S. Pomeranz,                    Attorney for the Plaintiff.

Corporation Counsel,               Attorney for the Defendant.

MEMORANDUM FILED OCTOBER 15, 1935.

BROWN, J.   In this case the plaintiff seeks to recover for personal injuries alleged sustained by a fall upon a defective sidewalk on the westerly side of Lisbon Street in Hartford, on the afternoon of March 29, 1935.   The evidence reveals that about the middle of February, 1935, incidental to the relaying of the service water pipe, the owner of the abutting property tore up a section of the concrete walk, some three feet in width, and afterward filled in the trench which was dug, with soil which had been removed from it and with a foot or two of cinders packed down, to make the surface level with the surface of the concrete walk on either side; that on several occasions thereafter and prior to March 29th, 1935, the abutting owner filled in further cinders and tamped them down, to keep the surface of the cinders even with that of the concrete walk; and that this was the condition of the place in question shortly before the plaintiff fell.   The plaintiff's claim is that in walking over this place, as she stepped on this cinder path about one and one-half feet from the edge of the concrete, the surface of the cinders, which appeared to be smooth, gave way under her foot, letting her foot down into a hole about a foot deep which was hollowed out under the thin surface crust which so gave away, and

that her consequent fall resulted in the injuries here complained of.

Assuming that there was such a cavity at the place in question of the nature described sufficient to cause the plaintiff to fall in the manner in which she did, although I am satisfied that the testimony of the plaintiff and her witnesses overstate the condition in question, upon all the evidence in the case I am satisfied that the plaintiff has failed to sustain her burden of proving the defendant city liable.

It is not claimed and there is no evidence to indicate that there was any actual knowledge on the part of the City of the existence of this claimed defect. Obviously the fact that the concrete had been removed at this point did not constitute a defect of itself, and that fact would be insufficient to charge the City with notice of the defect upon which the plaintiff relied. The overwhelming evidence makes clear not only that there was nothing to indicate the existence of the cavity in question before the plaintiff stepped upon the place and it broke through, but further that up to a very short time before her fall the place was entirely safe to walk over. The plaintiff's reliance upon constructive notice to the City, therefore, is reduced to this, that since the City had reason to anticipate that the frost coming out of the ground at about this time of the year might cause a settling of soil which could produce such a cavity as that here complained of, it was under the circumstances charged with constructive notice. I arrive at a contrary conclusion for two reasons; first, because of the fact that the well packed layers of cinders some two feet in thickness which topped this fill, was enough less likely than ordinary soil to be so affected by the frost, as to reasonably obviate this anticipation, and second, because of the law which does not warrant a finding of liability upon the part of a municipality in such cases upon any such theory of mere anticipation. **Ritter vs. Shelton, 105 Conn. 447, 450; Matchulot vs. Ansonia, 116 Conn. 55, 57; Meallady vs. New London, 116 Conn. 205, 209; Falkowski vs. MacDonald, 116 Conn. 241.**

Nor does the plaintiff's claim, "that had the city exercised reasonable supervision, it would have discovered the defect a sufficient time before the injury complained of, so as to have a reasonable time to guard against it", call for a different conclusion. The defect came into being a matter of hours

only, at the most, before the plaintiff's fall, so that it does not appear that reasonable inspection by the defendant would have revealed it a sufficient time before to afford it reasonable opportunity to guard against it. It furthermore appears that the abutting owner had made almost daily inspections of the place and whatever repairs were disclosed thereby as necessary to keep it safe to walk over. The defendant City is entitled to the benefit in so far as the discharge of its duty is concerned, of what was so done by him. **Wade vs. Bridgeport, 109 Conn. 100, 108.**

Judgment may be entered for the defendant.