[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW ON MOTION TO DISMISS
In this case the plaintiff has sued the Town of West Hartford ("Town") pursuant to § 13a-149 of the General Statutes. Pursuant to the statute the plaintiff gave notice to the Town within 90 days of the alleged injury. The notice said the injury was due to an accumulation of ice and snow at 56 Mohawk Drive. In fact, the injury occurred at 156 Mohawk Drive, which was referenced in the complaint filed just over a year after the injury. The notice talks of an ice and snow accumulation as being the cause of the fall. The complaint uses language to the effect that the sidewalk was "defective and uneven".
The Town has filed a motion to dismiss claiming inadequate notice as to place of the occurrence and cause of the occurrence.
(1)
Usually the question of adequate notice is a question of fact for the jury but in certain cases it can be decided as a question of law, Greenberg v. Waterbury, 117 Conn. 67, 70 (1933); Schaapv. Meriden, 139 Conn. 254, 257 (1952). The test is whether the notice is "so insufficient that it would not enable one of ordinary intelligence using ordinary diligence under the circumstances . . . to ascertain the defect and where it was located", McCann v. New Haven, 33 Conn. App. 56, 59 (1993). Here CT Page 12154 the notice is clearly inadequate as a matter of law. The wrong address was given and no person of ordinary intelligence relying on this notice could locate the site of the injury.
The plaintiff seeks to rely on the saving clause of §13a-149 which says:
 "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." (emphasis added)
The attorney for the plaintiff filed an affidavit indicating there obviously was a mistake in the notice but asserting the notice was not incorrectly prepared with the intent to mislead. The court finds there was no intent to mislead here, or at the very least, the issue of whether there was an intent to mislead is for the jury to decide. Schapiro v. Hartford, 4 Conn. App. 315,317-318 (1985). The mere fact that an inaccuracy occurs does not dictate, as the defendant seems to imply, that the inaccuracy was an intentional misrepresentation. If that were the case the saving clause would be rendered inoperable. Someone wrote "56" instead of "156" — it has the ring of a typo or an inadvertent mistake. There could be no possible motive for the plaintiff to have mislead the Town on this matter. It can hardly be argued that the wrong address was given so that the Town wouldn't have a chance to investigate the condition leading to the injury. The plaintiff by the notice given read together with the complaint, is confined to proving that there was a fall down due to ice and snow accumulation. Ice and snow melts and the plaintiff had 90 days within which to give notice in any event.
In Giannitti v. Stamford, 25 Conn. App. 67, 74 (1991), the court said the language in the saving clause to the effect that notice won't be invalidated because of inaccuracies as long as there was no intent to mislead the municipality or the municipality was not misled, must be read in the disjunctive not in the injunctive. Since I can't conclude as a matter of law that there was an intent to mislead, the motion to dismiss must be denied insofar as it is based on a claim of inadequate notice or to place of occurrence.
(2)
CT Page 12155
The statute also requires that the Town be given notice of the cause of the injury. The defendant argues here that the notice informed the town the fall down was due to ice and snow but the complaint is based on defective design. If that were the case the notice would be defective.
Although the complaint is not absolutely clear in its language, it does not seem to allege defective design. It alleges the Town failed in its statutory duty to use reasonable care to keep this sidewalk safe for public use: "(b) in that it caused or allowed and permitted said public sidewalk to be and remain in a defective, uneven, dangerous and unsafe condition."
A request to revise might've been appropriate but the defendant can rely on its failure to file such a request as a reason to ask the court to read the pleadings in a light most unfavorable to the plaintiff. The exact opposite is required and the language of this complaint can be read as asserting this plaintiff fell due to ice and snow accumulation — that would certainly make the highway "dangerous and unsafe" and perhaps even "defective", giving that word a broad meaning. It will be up to the trial judge to limit the proof at trial to make it accord with the notice requirement of the statute.
(3)
Although I will not grant the motion to dismiss for the reasons stated, I do not base my decision on the fact that the Town was in fact not misled by the notice given because a Town police officer investigated the accident scene the same day it occurred. As said in Wade v. Bridgeport, 109 Conn. 100, 109
(1929): "Notice to a policeman [sic] ordinarily is not notice to the municipality except where it is shown that he [sic] is charged with the duty of remedying or reporting defects." The statute specifies exactly to whom notice must be given and it would water down the notice provision and the protection it was meant to give to the towns if any claim of inaccuracy could be met by an assertion that another agent of town government investigated the accident and that constituted sufficient notice. People authorized by the statute shouldn't be required to engage in record searches and conduct internal investigations based on some notion that if they're given a wrong place for the accident they should realize that and protect the Town's interest. That stands the purpose of the notice requirement on its head. CT Page 12156
But, for the other reasons stated, the court denies the motion to dismiss.
Corradino, J.