[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE (#134)
 FACTS
The plaintiff, William R. Silveira, filed the original complaint in this action on January 22, 1999. The complaint consisted of two counts, both purporting to state claims for public nuisance. In the second count, the plaintiff alleged the following facts. The defendants, Donald E. Nowsch and Barbara Nowsch, were lessees of the premises located at 359 Thames Street in Groton. The plaintiff was injured as a result of a slip and fall that occurred while he was walking in the parking lot located on the premises. The accident was caused by a dangerous drop in the level of the pavement at the point where the parking lot joined a driveway.
The defendants filed a motion to strike the second count on December 13, 1999. The court, Martin, J., granted the motion on April 28, 2000 on the ground that the plaintiff failed to allege facts sufficient to establish that the he was exercising a public right when he was injured on the premises leased by the defendants.
On May 2, 2000, the plaintiff filed a substitute complaint pursuant to Practice Book § 10-44. The second count of the substitute complaint alleges the same basic facts as the stricken count of the original complaint, and further alleges that "the defendants Scheetz [the owner/lessors] had submitted their property, including the parking area, to the planning authorities of the City of Groton and had obtained a special permit, dedicating the property to the public and creating a public gathering place upon the property. Said public gathering place was for the use of the public for picnics, parades, recreation, and other recreational and entertainment uses, including parking for persons who wished to visit the waterfront and visit ships and submarines which they brought to the property. This dedication to the public was absolute and unrestricted, and the public was welcomed upon to the property for any uses they might have wished, the defendants having placed no limitation or restriction upon their public dedication of the premises. The defendants further maintained a driveway for public use which adjoined said public parking lot, was a part of the property dedicated to public use, and was used by the public to access the public facility that they had created."
The defendants filed the present motion to strike the second count of the substitute complaint on May 17, 2000. The basis for the present motion to strike, like the one previously granted, is that the second count does not contain allegations that the plaintiff was exercising a public right when he was injured, and that the plaintiff therefore has not stated a claim for public nuisance. The defendants have filed a memorandum of law in support of their motion to strike, and the plaintiff CT Page 11257 has filed a memorandum in opposition. The defendants have also filed an additional reply memorandum.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages. (Internal quotations marks omitted.)Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998). A plaintiff seeking to make out a case of public nuisance "has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general public." Id., 421.
In granting the defendants' previous motion to strike, the court relied on Webel v. Yale University, 125 Conn. 515, 7 A.2d 215 (1939). In that case, the Supreme Court held that "[o]ne who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Id., 524-25. See also Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355,357, 238 A.2d 431 (1967) ("While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public.").
The defendants now claim that the substitute complaint, like the CT Page 11258 earlier complaint, is insufficient as a claim of public nuisance, because it does not allege facts establishing that the plaintiff was exercising a public right while on the premises leased by the defendants. The defendants essentially argue that under the holding in Webel, a plaintiff who is injured while present on private property at the invitation of a lessee cannot recover under the theory of public nuisance, and that the plaintiff's additional allegations regarding the dedication of the property to the public do not remove this case from the operation of that rule. The plaintiff, on the other hand, argues that the allegations of the substituted complaint are adequate to support a conclusion that a valid dedication was made to the public, and that the plaintiff, when he was injured, was exercising a right as a member of the general public to be on the premises. The defendants respond that other allegations in the second count, namely the allegation that the defendants leased a portion of the parking lot, contradict the allegation that the parking lot was dedicated to the public. For the reasons set forth below, the court agrees with the defendants.
"Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by and in behalf of the public . . . [T]wo elements are essential to a valid dedication: (1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public. . . . No particular formality is required in order to dedicate a parcel of land to a public use; dedication may be express or implied. . . . Whether there has been a dedication and whether there has been an acceptance present questions of fact." (Internal quotation marks omitted.) Drabik v. East Lyme, 234 Conn. 390, 394, 662 A.2d 118 (1995).
The allegations of the second count, viewed in the light most favorable to the plaintiff, could support a conclusion that the owners of the property had dedicated the land to public use and that there had been a valid acceptance. The defendants, however, correctly argue that such a finding of dedication necessarily precludes a finding of liability in the defendants. As the defendants point out in their reply brief, "[t]hat the Nowschs had a lease and paid rent for the benefit of having their patrons use the parking lot establishes that the lot was private property and not property to be used by the public at its will." In fact, our Supreme Court has held that an established dedication to public use shifts control, and with it liability, to the municipality. Wade v. Bridgeport, 109 Conn. 100,106, 145 A. 644 (1929). See also General Statutes §§ 52-557f to 52-557g
(owners and lessees not liable for injury on land made available to public for recreational purposes).
It is clear, therefore, that the plaintiffs cannot prove both that there has been a valid dedication of the premises to the public and that CT Page 11259 the defendants are liable for injuries sustained as a result of the condition of the premises. If the property was not dedicated to the public, then the plaintiff was an invitee on private property, and he cannot show that he was exercising a public right when he was injured while walking on the property. If, on the other hand, the land was dedicated to the public, the defendants cannot be held liable for the condition of the land. Consequently, the defendants are correct that the second count of the complaint is prevented, by its own internal contradictions, from stating a valid cause of action for public nuisance.
 CONCLUSION
The second count of the substitute complaint is legally insufficient. The substitute complaint, unlike the original stricken complaint, contains allegations that the plaintiff was exercising a public right when he was injured. Those very allegations, however, if proved, would establish that the defendant is not liable, because a valid dedication shifts control and liability to the municipality. The motion to strike the second count of the substitute complaint is therefore granted.
 D. Michael Hurley Judge Trial Referee