# David A. Coutch and Orson O. Kinsman, plaintiffs in error *vs.* Joseph Barton, defendant in error.

## *Error to Washington.*

The Supreme Court will not consider an alleged irregularity in the court below in omitting to dispose of a demurrer, unless the record shows that the demurrer was called up for the action of the court.

The court is only required to decide questions raised, and the neglect of a party complaining is never an available ground of error.

After a verdict, it is too late to raise an objection that pleas remain unreplied to, unless the defendant shows that he endeavored to obtain replications prior to the trial. The parties will be presumed to have gone to trial upon issues formed by general replications, traversing the special pleas.

This was an action of assumpsit instituted by Joseph Barton against David A. Coutch and Orson O. Kinsman, on a promissory note for $100, executed by the defendants below to J. G. Smith; by him assigned to Jesse D. Payne, and by him assigned to the plaintiff, Barton.

At November term, 1842, judgment was rendered for the plaintiff for the sum of $106.

The defendants below are plaintiffs in error.

The points raised may be found in the statement of counsel and in the opinion of the court.

BATES, for plaintiff in error:

The record in this cause presents so many irregularities and errors, that a mere reference to some of the most prominent is all that will be attempted.

The demurrer to the plaintiffs declaration was not disposed of by the court, but as the defendant also pleaded to the said declaration I shall not now notice the question raised by said demurrer. From the record it appears that the defendants pleaded three special pleas.

1. Fraud; setting forth the particulars of the fraud.

2. Fraud generally.

3. Want of consideration, and averring notice thereof to the plaintiff.

The plaintiff filed something as a replication to two of the pleas, but waived this as it seems by the record, and demurred orally to all of said pleas. And said pleas were holden good and sufficient in law to bar the action. The court then ordered the said plaintiff to reply to the said pleas. The record further shows that the said plaintiff replied with a general traverse to defendants first plea which was non assumpsit, and then as to the other pleas pleaded something which could not be read by the clerk, who sent up the original paper for the inspection of this court. Be this what it may, it is pretty certain that it does not traverse each of the defendants pleas so as to form issues of fact. It is believed that the author of it intended the principal part of it as a special demurrer to the 2d, 3d and 4th pleas, and in this light I shall consider it. Calling it a demurrer, then, to the said pleas, it ought to have been disposed of before calling the jury to try the other issue joined, wherein the parties had put themselves upon the country. And the fact that said issues in law tendered by this demurrer were not disposed of before the *issue of fact* was submitted to the jury, is error. 2 Blackf. R. 14, 34, note (2;) 3 Blackf. R. 34, 131, 142.

If issue was not taken upon these pleas, or demurrers, and the counsel submitted the other issue to a jury, it was error. 2 Blackf. R. 292, Wright's S. C. R. 307, 524.

The jury was sworn to try the issue joined, which was the plea of non assumpsit, and this issue was the one, and the only one passed upon

by the jury; all the other matters having been left undisposed of, whereby the defendants below claim that they were deprived of their legal defence to said action.

HALL & EVERSON, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The first error assigned in this case is, that the court ought to have sustained the demurrer to the plaintiff's declaration. The record does not show that the said demurrer was ever called up for the action of the court. Had the demurrer been overruled or had the counsel for the plaintiff in error moved to have the demurrer considered previous to going into a trial of the issues of fact, his present objection would not have been out of place. But it is only the duty of the court to decide questions which are raised before it, and the neglect of a party himself is never an available ground of error on which to ask a reversal of the judgment.

The second objection is, that several of the defendant's pleas were unanswered when the case was submitted to the jury. The proper answer to this is similar to that given to the first objection. The counsel for the defendant below do not seem to have made any effort to obtain a replication prior to the trial. After a verdict it is too late, at all events, to raise an objection of this kind. In a case like this the parties will be presumed to have gone to trial upon issues formed by general replications traversing the special pleas.

The 3d, 4th, 5th, 6th and 7th assignment of errors have already been substantially answered, being in fact little else than repetitions of those we have just been considering.

The eighth assignment alleges that the verdict is insufficient to justify the rendition of the judgment. There appears to be no ground for this objection.

Judgment below affirmed.