■
 
 MivJustice SWAYNE
 

 delivered the opinion of the court.
 

 .. In this case the • bill of exceptions furnishes the same ground of complaint, which was remarked upon in
 
 Lincoln
 
 v. Claflin,
 
 *
 
 heretofore decided at this term. In the case before us, it fills an hundred and twenty-seven printed pages. The points arising for our consideration could have been better presented in a very small part, of this space. Such a mass of unnecessary matter has a tehdency to involve wha,t is really important in obscurity and'confusion. Its presence i is a. violation of the fourth rule of this court. Its examination consumes our time, increases our labor, and can sub-serve no useful purpose. Thd subject was so frilly considered in the case referred to, that we deem it unnecessary to pursue it further upon this occasion.
 

 Winnowing away the chaff, we find the questions left for our examination neither numerous nor difficult of solution.
 

 The declaration contains two counts upon a promissory note, made by Laber to the Racine and Milwaukee Railroad Company, or order, for $8700, dated the 6th of May, 1856, payable five years from the 10th of May, in that year, with interest at the rate óf ten per cent, per annum, payable aunnally, on the 10th of May; principal and interest payable at- the office of the company, in the.city of Racine, in the State of Wisconsin, and indorsed by the payee, by II. S. Durand, its president, to the plaintiff. The declaration contains also the common counts.
 

 The defendant pleaded the general issue, and three special plea.s.
 

 
 *569
 
 The first special plea avers that the note, and a mortgage, securing its payment, were given to the railroad company' for thirty-seven shares of its capital stock; that there was no consideration for the. note; that-it was obtained from the defendant by false and fraudulent'representations; and that these facts were known to the plaintiff when the note-came ' into his possession. The second special plea denies the in-' djorsement of the note to the plaintiff, as averred in: the first count. -The third special plea is to the same effect, as to'the indorsement averred in the second count. All the special pleas .conclude with a verification.
 

 To the first of .the special pleas, the plaintiff replied denying knowledge of the- alleged false and fraudulent representations,. before .and at the time of the indorsement and transfer of the note. To the second and third special pleas, no replications were filed.
 

 The cause-proceeded to trial. The. récord shows that a large mass of testimony was given by the défendant relating to both the defences set.up by the special pleas. A prayer for instructions1 was submitted- by the defendant. The court refused to ..give them, but charged the jury fully upon the whole case. Both the subjects presented by the special pleas were fully discussed. Indeed they were the only grounds of the controversy.between the parties. The case was tried, in'all respects, as if the pleadings had been formal and perfect.'' The jury found for the plaintiff’. The language of the verdict is: “We, the jury, find the
 
 issue
 
 for the plaintiff, and assess his damages,” &c. The defendant moved for a new trial. The motion was overruled, and judgment entered upon the verdict. ' The defendant excepted to the refusal to charge as prayed, to twelve passages in the charge as given, and to the -overruling of his motion for a new trial.
 

 1. It is objected, as an error, that no replication was put in to the'pleas denying the indorsement of the note.
 

 .The plea of the general issue would have made it incumbent upon the plaintiff to prove the indorsement' as averred in the declaration, but that the státute of Illinois, adopted
 
 *570
 
 by the Circuit Court as a rule of practice, dispenses with such proof, unless the fact is denied by the defendant under oath. The oath of the • defendant was affixed to both the ■pleas, raising the question.. As they only denied what the plaintiff had alleged, contained no new matter, and no special traverse, they should have concluded to the country, and not to the court. The defect was one of form, and could-have been reached by a special demurrer. The trial proceeded as'if they had concluded to the country, and a similiter had been added by the plaintiff. To the objection now taken, there are several .answers. The irregulai’ity is cured by the trial and verdict.
 
 *
 
 The objection comes too late; not having beeu made in the court below, it cannot be made here. It is within the thirty-second section of the Judiciary Act of 1789, which forbids a judgment to be reversed for any want of'form in the proceedings, except such as shall have been specially pointed out by .demurrer.
 

 2. It' is said that, conceding the issues intended- to be made by the defendant were in fact submitted to the jury, the verdict does not respond to them; that it finds “the issue” — ■ but one — and not designating which one, for the plaintiff.
 

 It was competent for the .court to amend the verdict by changing the term “ issue ” from,,the singular to the plural. This would have removed the ground of the objection. A verdict, unless it be a special one, is always amendable by the notes of the judge.
 
 †
 
 The proper amendment would doubtless have been made below, if the attention of the court had been called to the subject; Like the preceding objection, it is made here too late, and is within the act of Congress referred to, upon the subject of jeofails.
 

 3. Upon looking through the.testimony of Durand, as set out in the bill of exceptions, it appears that the', admission
 
 *571
 
 of a part of it was objected to by the defendant, but it does not appear ..that the objection was overruled, and exception taken.' It only appears that the testimony was admitted after the objection was made.
 
 Non constat,
 
 but that the objection was waived, or the decision acquiesced in. - In order to make such a point available, it is necessary that an exception should be distinctly taken, and placed upon the record,
 

 4. It was not error for the court to refuse to give the in-' .struetions asked for'by the defendant, ■ even if "correct in point of law, provided those given covered the entire case, and submitted it properly to the j ury. The defen ces of false - and fraudulent representations to the defendant, and of the non-indorsement of the note, involved mixed questions of law and faefo We think the law was properly stated by the judge, and the facts fairly submitted to the jmy. The charge was full and' able. ' It'would throw no new light upon any legal principle, and could be productive of no benefit, to-examine in detail, each of the numerous passagés taken'from the charge, and made the subject of exception. ít is sufficient to say that, after a' careful examination of. all of them, ■ in the light of the context of the charge, and of the evidence, as it was before the jury, we have found nothing, which we deem erroneous. '
 

 5. An exception to the overruling of the motion for a new trial is found in the record, but is not adverted to in 'the argument submitted for the plaintiff in error.' Such a decision cannot be made the subject of review by this court.
 

 The judgment below is
 

 Affiemed.-
 

 *
 

 Supra,
 
 p. 132.
 

 *
 

 Coan
 
 v.
 
 Whitmore, 12 Johnson, 353; Brazzel & Hawkins
 
 v.
 
 Usher, Breese, 14; Stone
 
 v.
 
 Van Curler, 2 Vermont, 115; Sullivan
 
 v.
 
 Dollins, 13 Illinois, 88; Coutch et al.
 
 v.
 
 Barton, 1 Morris, 354.
 

 †
 

 1 Chitty’s Pleading, 411; Roulain
 
 v.
 
 McDowall, 1 Bay, 490; Norris
 
 v.
 
 Durham, 9 Cowen, 151; Sayre
 
 v.
 
 Jewett, 12 Wendell, 135; Paul
 
 v.
 
 Harden, 9 Sergeant & Rawle, 23.