## NAUVOO v. RITTER.

1. In Illinois, a copy of the written instrument on which the action is founded must be filed with the declaration, and it constitutes part of the pleadings in the case.

2. Where bonds issued by a municipal corporation, having lawful authority to issue them upon the performance of certain conditions precedent, refer upon their face to such authority, and there is printed on their back a copy of an ordinance declaring such performance, it is not error, in an action against the corporation by an innocent holder of them, to sustain a demurrer to a special plea tendering an issue as to the authority of the corporation to issue them, or as to matters of fact contained in the recital of such ordinance.

3. The court reaffirms the ruling in *Laber* v. *Cooper* (7 Wall. 565), that, where a case has been tried and a verdict rendered as if the pleadings had been perfect, the failure to demur or to reply to a special plea setting up a matter of defence furnishes no ground for reversing the judgment.

ERROR to the Circuit Court of the United States for the Southern District of Illinois.

This was an action of debt by George A. Ritter, a citizen of Missouri, against the city of Nauvoo, a corporation existing under the laws of Illinois, on four bonds and the coupons thereto attached, issued by that city in 1854, in part payment of its subscription to the capital stock of the Warsaw and Rockford Railroad Company.   The declaration contained, besides the common counts, a count upon each of the bonds ; and

there was filed with it a copy of one of the bonds and coupons sued on. It averred that the other bonds and coupons differed from said copy in number and date only. The bonds recite on their face that they are "issued under authority of an ordinance entitled 'An ordinance authorizing subscription to the Warsaw and Rockford Railroad Company, and for other purposes,' passed Dec. 17, 1853, by the city council of the city of Nauvoo, a copy of which is hereto attached." The ordinance referred to in the recital, and which is printed on the back of the bonds, after referring to the act of the legislature of Illinois, entitled "An Act supplemental to an act entitled 'An Act to provide for a general system of railroad incorporation,' approved Nov. 6, 1849," and setting forth its provisions, contains the following : —

"And whereas, by virtue of the powers granted to counties and cities by the above-recited provisions of said supplemental act, the common council of the city of Nauvoo did, on the 4th of June, A.D. 1853, make an order submitting it to the legal voters of said city, at an election to be held at the usual place of holding elections in said city, on the thirtieth day of July, A.D. 1853, to ascertain the wishes of the people of said city in reference to the subscription by the common council of said city to the capital stock of the Warsaw and Rockford Railroad Company to the amount of $25,000, to be paid in bonds of said city, having twenty years to run, and bearing an annual interest of eight per cent, payable semi-annually.

"And whereas said election was held agreeably to said order, thirty days' previous notice having been given, as required by said act aforesaid, and the returns of said elections in due form made to the city council, who canvassed at the regular meeting held on the first day of August, A.D. 1853, when it appeared there had been cast for subscription a large majority of the votes of said city, the number of votes given for subscription being a large majority of all the votes polled at the last general election in said city, and a much larger vote than that required by the act aforesaid to authorize said subscription."

Then follow sections authorizing the mayor to make the subscription, and providing for the execution and delivery of the bonds and coupons.

The defendant interposed six pleas. 1. The general issue.

2. That the bonds were issued without authority of law. 3. That the common council of the city did not, at any time prior to the issue of the bonds, order an election to be held for the purpose of submitting to the qualified voters the question whether or not the subscription should be made, as provided by law. 4. That the city council did not on June 4, 1853, make such an order, submitting such question to the legal voters at an election to be held at the usual place of holding elections in said city, July 13, 1853. 5. That the thirty days' notice of the election was not given. 6. That no election was held prior to the issue of the bonds, at which a majority of the qualified voters — taking as a standard the number of votes cast at the last general election prior thereto — voted for such subscription, as stated in the ordinance referred to in the bonds, and printed on the back of each of them.

The plaintiff demurred to the second, third, fourth, and fifth pleas, and the demurrer was sustained. There was neither a replication nor a demurrer to the sixth plea.

The case was tried by the court without a jury, and judgment rendered for the plaintiff, whereupon the city sued out this writ of error.

*Mr. J. B. Henderson* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

By a statute of Illinois " in regard to practice in courts of record," passed Feb. 22, 1872, the plaintiff in a suit upon a written instrument is required to file with his declaration a copy of the instrument sued upon. Rev. Stat. Ill. (1874), c. 110, p. 777, sect. 18. In obedience to this statute, the plaintiff in this case filed with his declaration copies of the bonds and coupons declared upon. In this way, we think, the bonds became a part of the pleadings in the case.

The bonds upon their face refer to the ordinance of the city council authorizing their issue, printed on the back; and in the ordinance it is distinctly recited that the election required by law was held pursuant to notice given in accordance with the

provisions of the act authorizing a subscription, and that upon a canvass of the votes " it appeared that there had been cast for subscription a large majority of the votes of said city, the number of votes given being a large majority of all the votes polled at the last general election in said city, and a much larger vote than that required by the act aforesaid to authorize said subscription." With this recital, in effect, upon the face of the bonds in the hands of an innocent holder, it was certainly not error in the court below to sustain a demurrer to the second, third, fourth, and fifth pleas, which simply tendered an issue as to the authority of the city to issue the bonds, and as to the fact of the election.

The record does not show that there was either a demurrer or replication to the sixth plea. In *Laber* v. *Cooper* (7 Wall. 565), we held that such an objection came too late after a trial and verdict below as if the pleadings had been perfect in form.

*Judgment affirmed.*