4    413
5     87
7    142
11*  577
12*  638
25*  739

4    413
11    67

# THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. EDWARD OLSEN, APPELLANT.

CRIMINAL 'LAW--HOMICIDE--MANSLAUGHTER.--Mere words of reproach—as abuse, or irritating and provoking gestures—do not constitute a provocation sufficient to reduce a homicide to manslaughter, when it was committed with a deadly weapon.

ID.—INSTRUCTIONS.—The court charged the jury that "a mere assault, not directed at life or chastity, or other high right, cannot excuse a homicide;" held, that the right of a person to enjoy his physical organization unimpaired must be regarded as a high right, and an assault aimed to produce serious bodily injury as directed at a high right.

ID.—CHARGE OF COURT—TO BE CONSIDERED AS A WHOLE.—The entire charge of the court must be considered together,—each part as qualified by other parts; and if when so considered, it is substantially correct, it is sufficient.

APPEAL from a judgment of the district court of the first district. The opinion states the facts.

*Messrs Hoge & Burmester*, for the appellant.

*Mr. W. H. Dickson*, for the respondent.

ZANE, C. J.

The defendant was found guilty of murder in the second degree, and sentenced to imprisonment in the penitentiary for the term of 14 years, from which he has appealed to this court. He was night watchman at the hoisting works of the Eureka Mining Company, and Joseph C. Hesselgrove, the deceased, was in the employ of the same company as engineer. On the night of the twenty-fourth of December last they engaged in a quarrel. The defendant drew a pistol, and the deceased struck him in the face with his fist. Whether deceased had hit him before does not satisfactorily appear from the evidence. When the pistol was drawn, one Hanley took hold of defendant's arm. A scuffle ensued, and deceased struck again, and told Hanley to take the pistol away. Defendant then threatened to

shoot him if he did not let go. Hanley then let go, and defendant then shot deceased in the left temple, and he fell, and died almost instantly. The defendant was a large and probably stouter man than the deceased. There was considerable evidence given on the trial, and as to some of the facts stated it was conflicting.

The defendant excepted to, and assigned as error, the following portion of the charge of the court to the jury: "When a person kills another with a deadly weapon, no words of reproach or abuse or gestures, however irritating or provoking, amount to considerable provocation in law, so as to reduce the crime of killing from murder to manslaughter. If the killing proceeds from malice, it is murder. If from passion, it is manslaughter. If from a fear of a loss of life, or of receiving great bodily injury, it is justifiable homicide. But the passion must proceed from an adequate cause, and the fear from reasonable and imminent danger, in view of the circumstances. The circumstances must be such as would indicate danger to a reasonable person. If the conduct of the person slain would be likely to cause a reasonable person to act from mere passion, and without the exercise of reason, it constitutes an adequate cause, and what is known in law as a 'considerable provocation.'"

In the portion of the charge above quoted the court informed the jury that mere words of reproach—as abuse, or irritating and provoking gestures—would not constitute a provocation sufficient to reduce the killing to manslaughter, when done with a deadly weapon. In this case the defendant admitted that he shot the deceased with a pistol. The cocking and aiming a pistol at a vital part, and the firing thereof, would indicate an intention to kill, unless the provocation was great. It would indicate more than mere passion, in the absence of a cause more adequate than mere words, or provoking and irritating gestures. In case of death caused by a blow with the fist, or some instrument not likely to produce death, which the slayer might happen to have, such a provocation might be sufficient: 2 Bish. Crim. Law, (6th Ed.) sec. 704; *State* v. *Hill*, 4 Dev. & B. 491.

Counsel for the defendant also assign as error the following portion of the charge: "A mere assault, not directed at life or chastity, or other high right, cannot excuse a homicide. If a deadly weapon be not used by the assailant, or other circumstances do not exist to indicate a felonious attempt to take life, it is at least manslaughter." This quotation contains two propositions. The first is that an assault not directed at life or chastity, or other high right, will not excuse a homicide. The soundness of this proposition depends upon the meaning given to the term "high right." The rule must be tested in view of the evidence to which the court applied it. The assault by the deceased was upon the defendant. The right of a person to enjoy his physical organization, and all the powers thereof, must be regarded as a high right; and an assault, aimed to produce a serious bodily injury, must be regarded as directed at a high right. Hence the rule as stated would not deprive a person of the right to defend himself from an assault upon life, or an assault likely to produce serious bodily injury. The second proposition contained in the last quotation is that, in the absence of a deadly weapon, and circumstances indicating an attempt to take life, the homicide cannot be less than manslaughter. This rule, without qualification, would deprive a person assailed without a deadly weapon, of the right to take life when the circumstances indicate an attempt to inflict a serious or great bodily injury. This rule would not be correct in all cases. But immediately following the proposition, and in the same connection, the court stated that a person has the same right to defend himself from great bodily injury as he has to protect his life, and that he has the right to protect himself from apparent, as well as actual, danger; that he may use force in the defense of his life, or to prevent great bodily injury, to the extent of killing his assailant, when the danger is actual and imminent, or apparently so to a reasonable person. The whole charge should be considered together, —each part as qualified by other parts; and if, when so considered, it is substantially correct, it is sufficient. Any erroneous propositions in the charge, when considered by

themselves, were so qualified by other portions thereof in the same connection that the jury could not have been misled.

We are of the opinion that the refused requests, so far as proper, were embraced in the charge. The court should not repeat the same proposition, and may state the same to the jury in its own language. We find no error in the record. The judgment of the court below is affirmed.

BOREMAN, J., and POWERS, J., concurred.