# PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT v. JAMES CHADWICK AND ANOTHER, APPELLANTS.

CRIMINAL LAW.—ACCESSORY AFTER THE FACT.—ACCOMPLICE.—Under the criminal code of. Utah Territory an accessory after the fact is not an accomplice, and therefore his testimony need. not be corroborated as that of an accomplice.

ID.—LARCENY.—POSSESSION OF STOLEN PROPERTY.—A jury would not be considered safe in finding a defendant guilty from the mere fact that he is in possession of stolen property, if there is no other circumstance looking toward his guilt. But the recent and exclusive possession of the fruits of crime after its commission is usually some evidence of guilty possession, and if unexplained, either by direct evidence or attending circumstances, or by the character and habits of the possessor or otherwise, may in some cases be taken as *prima facie* evidence of guilt; but this presumption weakens as the period of time between the theft and the possession increases. But when the possession is accompanied with other things, such as denials, or efforts to conceal, or contradictory statements as to the possession, it may raise a strong presumption of guilt. No rule can be laid down that will apply to all cases alike, but all the circumstances should be shown, and the weight and effect of the evidence left to the jury, under the instructions of the court.

ID.—INSTRUCTIONS OF COURT.—Where full and accurate instructions are given by the court it is not error to refuse other instructions asked even if they are technically correct.

ID.—JURY JUDGES OF EVIDENCE.—When the jury are instructed in effect that they are the judges of the credibility of the witnesses of the weight of the evidence and of the facts, it is not necessary to instruct them in the exact words of the statute. 2 Comp. Laws, 1888, § 5033, subd. 6.

APPEAL from an order denying a new trial and from

a judgment of conviction of the district court of the first. district. The opinion states the facts.

Section 4391, 2 Comp. Laws, 1888, 563, is: " All persons who after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor and protect the person charged with or convicted thereof, are accessories."

Section 4949, 2 Comp. Laws, 1888, 690, is: "An accessary to the commission of a felony may be indicted, tried and punished, though the principal may be neither indicted nor tried."

Section 5049, 2 Comp. Laws, 1888, 710, is: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Section 4390, 2 Comp. Laws, 1888, 563, is: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, or not being present, have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots to commit any crime, or who, by fraud, contrivance or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command or coercion compel another to commit any crime, are principals in any crime so committed."

Section 5033, 2 Comp. Laws, 1888, 708, subd. 6, is: "The judge may then charge the jury and must do so

on any points pertinent to the issue, if requested by either party; and he may state the testimony and declare the law; and in each case he shall inform the jury that they are the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts.

*Mr. George Sutherland* and *Mr. Orlando W. Powers,* for the appellant.

*Mr. David Evans,* Assistant U. S. Attorney, for the respondent.

MINER, J.:

The defendants, Chadwick and Whipple, were jointly indicted on the 4th day of March, 1889, charging them with the felonious larceny of a cow about the 15th day of January, 1888. They were tried together, September 26, 1890, and both found guilty by the verdict of a jury, and a motion for a new trial was made and denied. The errors assigned, upon which a reversal of the judgment is asked, are: (1) Insufficiency of the evidence to justify the verdict; (2) the admission of improper testimony by the court against the defendants' objection; (3) misdirection of the court to the jury as to the possession of the evidences of the crime, as to the testimony of the accomplice, and in failing to charge the jury that they were the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts, as provided by law. We will consider these questions as they were stated in the defendants' brief.

1. As to the insufficiency of the evidence to justify the verdict. On examination of the evidence given in the case, we find there was some evidence of a larceny given before the jury, and facts and circumstances sufficiently shown to justify the court in submitting the case

to the jury. Where there is evidence introduced tending
to show guilt, this court will not review the weight of
the testimony, nor the credit of the witnesses. These
are purely questions for the jury. In this connection,
however, it is claimed by defendants that without the
testimony of one William Green, a witness for the prose-
cution, there would have been no evidence upon which
the jury could convict; and that Green was an accomplice,
or at least an accessory after the fact, in the alleged
crime, and that therefore his testimony could not be con-
sidered testimony, in any respect, except when it was
corroborated, as provided by statute.

In reviewing this question, it is not necessary to go
over the testimony in the case. We are satisfied that if
Green had not been used as a witness at all, there was
still sufficient testimony to go to the jury upon the ques-
tion of the defendants' guilt; and, had it been otherwise,
the testimony disclosed that Green was corroborated in
most of the important parts of his testimony. But it is
not claimed, from any evidence pointed out in the record,
that Green was an accomplice, or that he knew of or
had any hand or complicity in the alleged larceny at the
time or before the offense was committed, or that he
aided, abetted, or participated in its commission. He
knew of certain facts and circumstances after the time
of the alleged larceny that tended to show guilt on the
part of the defendants; but it cannot be urged that Green
was shown to have had full knowledge of the larceny.
This being the case, the most that defendants could claim,
and what the defendants claim in their brief, is that
Green was an accessory after the fact. If he was an ac-
cessory after the fact, under section 4391, Comp. Laws
1888, he could not have been an accomplice, under sec-
tion 4390. Our statute makes a clear distinction between

the two offenses. As an accessory after the fact, he could not be indicted jointly with the principal defendant, nor tried with him, but, if tried at all, he must be tried separately, under sections 4391, 4949, Comp. Laws 1888. *Com.* v. *Wood*, 11 Gray, 93; *Com.* v. *Boynton*, 116 Mass. 345; *Com.* v. *Drake*, 124 Mass. 24; *U. S.* v. *Kershaw*, 5 Utah, 618, 19 Pac. Rep. 194. If he was an accessory after the fact, he could not become a partaker of the guilt, as there would be no union of criminal intent and act. 1 Bish. Crim. Law, (3d ed.) § 692.

One who is a principal cannot be an accessory after the fact. A person is an accessory after the fact only after he has full knowledge that a felony has been committed, and then conceals that knowledge from a magistrate, or harbors and protects the person charged or connected therewith. Comp. Laws 1888, § 4391. If, then, Green was not a principal or accomplice in this crime, under section 4390, it was not necessary that his testimony should have been corroborated, under section 5049, in order to give it such weight as would ordinarily attach to it. Nor do we think it was the intention of the legislature to require the testimony of an accessory after the fact to be corroborated, under the provisions of section 5049, before his testimony could be credited without corroboration. *People* v. *Barric*, 49 Cal. 342; *People* v. *Farrell*, 30 Cal. 316; *Com.* v. *Boynton*, 116 Mass. 345; *Com.* v. *Blood*, 4 Gray, 31; *State* v. *McKean*, 36 Iowa, 343; 1 Greenl. Ev. § 382. The court was not required to submit any charge upon that subject to the jury; the question was not in the case. Notwithstanding this, the question as to how far Green was corroborated, and whether he was an accomplice, was left to the jury. The charge was favorable to the defendants, and they cannot complain.

The second assignment of error has reference to the admissibility of evidence introduced by the prosecution. Witness Green had testified that he asked defendant Chadwick for wages one day after the alleged larceny, and Chadwick replied that "he didn't have to pay me;" that he would "turn everything over to his wife." Witness told him, "All right." Chadwick replied, "saying for me to go ahead; that I didn't have none the best of it." Whereupon the people's attorney asked Green the following question: "Question. Do you know what that had reference to?" Objected to by defendant as calling for an opinion of the witness. The objection was overruled by the court, and an exception was taken. The question, as it appears upon the record, was not subject to the objection made. It simply called for an answer "yes," or "no." But that and another similar question was answered by the witness, detailing the facts; which were proper, in connection with the other testimony in the case.

Error is also assigned upon the refusal of the court to give the jury the following requests: "*First.* You cannot convict the defendants, or either of them, on this evidence, upon the proofs alone of the possession of the hide by them, however recently after the cow was lost. *Second.* You cannot convict the defendants, or either of them, upon proof alone that the hide was found on the premises of the defendant, however soon after the cow was lost. *Third.* In order to warrant a conviction in this case, it would be necessary for you to find further facts indicative of guilt than the mere fact of the property being found on defendant's premises."

The court declined to give these requests, but charged the jury as follows: "I am asked to instruct you that the mere possession of stolen goods does not of itself

justify the jury in finding the defendant guilty of taking the property, but it is a circumstance for you to consider. As a proposition of law, that, perhaps, is true; it is true, indeed. From the mere fact that one is in possession of stolen property, that stolen property is found with one man, if there is no other circumstance looking towards his guilt the jury would not be justified in finding him guilty. But where there are other circumstances, such as the property being hidden away or concealed, or any effort made to put the party who was looking for the property off his guard, any false pretense in reference to the property, or anything of that kind, it will be matter for the jury to consider as to whether that is evidence of guilt or not." To which exception was taken. While the above instruction was not given in the language of the learned counsel presenting them, yet it embodies the substance of the request, and leaves the question to the jury as a circumstance for them to consider, and to say whether, under all the facts and circumstances shown, possession of stolen property was evidence of guilt or not; and at the same time the court instructed the jury that possession alone is not sufficient evidence upon which to convict. These instructions were given with reference to the proofs before them at the time, which the jury must have understood and applied with reference to such facts of possession as were shown; and, while the instruction was not as full and explicit as it might have been, yet it sufficiently covered the question presented.

We think the proper rule in such case is that recent and exclusive possession of the fruits of crime, after its commission, is usually some evidence of guilty possession; and if unexplained, either by direct evidence or attending circumstances, or by the character and habits of life of

the possessor, or otherwise, may, in some cases, be taken
as *prima facie* evidence of guilt. But this presumption
weakens as the period of time between the theft and the
possession increases, and may scarcely arise at all if others
besides the accused have had equal access with himself to
the place where the goods were found; for the real crim-
inal may have placed the property where it was found,
or sold it so that it came innocently into the possession
of the defendant. If, however, the fact of such posses-
sion stands alone, and wholly unconnected with any
other fact or circumstance, the presumption will be
slight; therefore it is not considered safe to convict on
this fact of possession alone without other attending
circumstances indicative of guilt. But where the recent
possession of stolen property is accompanied with the
prisoner's denial of possession; his refusal to explain his
possession; his giving incredible, false, or contradictory
accounts of the manner of acquiring it; his attempting
to conceal it, or to destroy marks upon it; his fleeing on
being accused, or being near the place where the property
was stolen,—such and other like circumstances, when
shown, might raise a strong presumption of guilt in the
possessor. No rule can be laid down that will apply to
all cases alike, but all the circumstances should be shown
to, and the weight of the evidence left for, the jury,
under the instructions of the court. 2 Bish. Crim. Proc.
§§ 746, 747; *Gablick* v. *People*, 40 Mich. 292; *People* v.
*Walker*, 38 Mich. 156; *People* v. *Ah Ki*, 20 Cal. 178.
Where the charge of the court, as a whole, covered the
questions embraced in the request to charge, so as to
fairly submit them to the jury, and leave the question
for them to pass upon, it is not error to refuse the
request to charge, though technically good in law. In
such cases the court is not bound to use the language of
the counsel, but may use his own. This has uniformly

been the practice in this Territory, and is sustained by the federal court. *Railroad Co.* v. *Horst*, 93 U. S. 291; *Cunningham* v. *Railway Co.*, 4 Utah, 206, 7 Pac. Rep. 795; *U. S.* v. *Musser*, 4 Utah, 153, 7 Pac. Rep. 389; *People* v. *Olsen*, 4 Utah, 413, 11 Pac. Rep. 577; *People* v. *Hampton*, 4 Utah, 258, 9 Pac. Rep. 508; *Clampitt* v. *Kerr*, 1 Utah, 247; *Laber* v. *Cooper*, 7 Wall. 565.

Objection is made that the court did not instruct the jury as required by section 5033, Comp. Laws 1888, subd. 6, that they were the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts. The court instructed the jury as follows: "You are the judges of the evidence, its force and credibility; where there is a conflict in testimony, where the witnesses swear against each other, it is your duty to reconcile that testimony, if you can; if not, it is your province to decide which is telling the truth, and which is not. In determining these questions, you must exercise your judgment,—that kind of judgment which influences you in the ordinary affairs of life; your experience; your observation. Take into consideration the bearing of the witnesses on the stand, their interest in the controversy, their feelings towards the parties, and all that. These things you are to consider," etc. And, while the exact words of the statute were not used, yet the jury must have understood from them that they were the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts. All these questions were left to them; and, while it is the better rule to give such instructions in the language of the statute, yet it is not obligatory to do so, where the language used is clearly within the plain intent and meaning of the statute. No specific exception was taken to the charge as given, nor was the court then requested to amplify it in any way. Had the intention of the court been directed to

the omission, it would doubtless have supplied it. *Griffiths* v. *Clift*, 4 Utah, 462, 11 Pac. Rep. 609; *People* v. *Boggs*, 20 Cal. 432. Upon the whole record we find no error. The judgment and conviction in the court below are affirmed.

ZANE, C. J., and ANDERSON, J., concurred.