EDWARD P. SCOVILLE, RESPONDENT, v. SALT LAKE CITY, A MUNICIPAL CORPORATION, APPELLANT.

1. MUNICIPAL CORPORATIONS. — LIABILITY. — NEGLIGENCE. — SIDE-WALK.—Where a municipal corporation permits the water to be discharged from adjoining houses upon the sidewalk of a street much used for travel, by artificial means and there lets it freeze, accumulate and remain upon the sidewalk in the business part of the city for an unreasonable time in a rounded, uneven and dangerous condition, and an injury occurs by reason thereof to one who is properly using the walk, the municipality is liable.

2. ID.—ID.—ID.—NOTICE.—Whether the fact that ice has been accumulating on the sidewalk for some time, constitutes notice to the city of the dangerous condition of the walk is a question for the jury, and the question of notice is not alone determined from the length of time a defect has existed, but also from the nature and character of the defect, the extent of the travel and whether it is in a populous or sparsely settled part of the city.

3. ID.—ID.—ID.—NEGLIGENCE QUESTION FOR JURY.—The question as to whether the acts and conduct of a municipal corporation in allowing ice and snow to accumulate upon a sidewalk in the business portion of the city constitute negligence, is a question of fact for the jury.

4. PRACTICE ON APPEAL.—CHARGE TO JURY.—An exception to "each paragraph of a charge," is too general and will not be considered on appeal if any portion of the charge is correct.

5. ID.—ID.—REQUESTS FOR INSTRUCTIONS.—Where the charge of the court correctly stated the law in the premises, and all the requests for instructions were substantially given in the charge of the court, it is not error to refuse requests though technically good.

6. ID.—ID.—JUDICIAL DISCRETION.—In the absence of statutory provision, the court in its discretion may allow the jury to take the written charge into the jury room.

7. MUNICIPAL CORPORATIONS.—LIABILITY FOR NEGLIGENCE.—CLI-
MATIC CONDITIONS.—Differences of climate and locality are to
be considered in determining the liability of municipal corpora-
tions for their failure to exercise care in removing ice and
snow from their walks. In Utah, where snow and ice,
although not unusual, are by no means continuous, it is not
unreasonable to require municipalities to keep their walks free
of ice and snow.

(No. 531.   Decided Feb. 23, 1895.   39 P. R. 481.)

APPEAL from the District Court of the Third Judicial
District.   Hon. George W. Bartch, *Judge.*

Action by Edward P. Scoville against Salt Lake City to
recover damages for personal injuries to his minor child.
From a judgment for plaintiff and from an order denying
a new trial, defendant appeals.   *Affirmed.*

*Mr. E. D. Hoge* and *Mr. Ed. F. Coad,* for appellant.

"The mere slipperiness of a walk, occasioned by ice or
snow, not being accumulated so as to constitute an *obstruc-
tion,* is not ordinarily such a defect as will make the city
liable for damages occasioned thereby." 2 Dill. Mun. Cor.
p. 1260, and cases cited in note 1.   Slipperiness of side-
walk, occasioned by snow or ice, if not accumulated to
such an extent as to constitute an obstruction, will not
render the city liable.   2 Dill. Mun. Cor. § 1006; 81 Ill.
300; 84 Ill. 82; *Henkes* v. *Minneapolis* (Minn.), 44 N. W.
R. 1026; 100 Penn. State, 119; *Kaveny* v. *City of Troy*
(N. Y.), 15 N. E. 726; *Harrington* v. *Buffalo,* 24 N. E.
186; *Taylor* v. *Yonkers,* 11 N. E. 642; 9 Colo. 416.
Private communications between the judge and jury are
no more allowed than between the jury and third persons,
and the judge may not send written instructions to the

jury by bailiff.　*O'Connor* v. *Guthrie*, 11 Ia. 80; *Benson* v. *Clark*, 1 Cow. 258.

*Messrs. Powers & Straup* and *Mr. J. C. McNally*, for respondent.

When a municipal corporation has permitted ice and snow to accumulate and remain upon its sidewalks for an unreasonable time in a rounded, uneven and dangerous condition, and an injury occurs by reason thereof to one who is properly using the walk, the municipality is liable. Elliot, Roads & St. p. 459; *Collins* v. *Council Bluffs*, 32 Ia. 324; *McLaughlin* v. *Corry*, 77 Pa. St. 109; *Luther* v. *Worcester*, 97 Mass. 268; *Morse* v. *Boston*, 109 Mass. 446; *Cook* v. *Milwaukee*, 24 Wis. 270; *Barton* v. *Montpelier*, 38 Vt. 650; *Savage* v. *Bangor*, 40 Me. 176. The question as to whether the acts and conduct of appellant and the facts as shown by the evidence constitute negligence, was one for the jury to pass upon.　*Todd* v. *City of Troy*, 61 N. Y. 509; Sher. and Red. Neg. § 114; *Bowers* v. *U. P.*, 7 P. R. (Utah) 253.　The court therefore did not err in submitting the case to the jury.　*Detroit R. R. Co.* v. *Steinberg*, 17 Mich. 99; 87 Cal. 23.　General exceptions to all instructions are of no effect, and will not be noticed if any portion of the charge is correct.　Exceptions must be specific to particular instructions.　*Nelson* v. *Brixen*, 7 Utah, 454; 54 Cal. 127; 48 Cal. 427; 69 Ala. 524; 21 N. J. L. 97; 2 Am. & Eng. Ency. 220.　In the absence of contrary statutory direction on the subject, instructions given by the court to the jury in writing may, in the discretion of the court, be taken with them to their rooms when they retire to deliberate.　2 Thompson on Trials, § 2583; *Benton* v. *State*, 30 Ark. 328; *Hurley* v. *State*, 29 Ark. 17–29; *State* v. *Tompkins*, 71 Mo. 613; *Wilds* v.

*Bogan,* 57 Ind. 453–456; *Langworthy* v. *Meyers,* 4 Ia. 18; *Head* v. *Langworthy,* 15 Ia. 235; *Wood* v. *Ardrich,* 25 Wis. 695.

MERRITT, C. J.:

This action was brought by respondent against the appellant to recover damages for an injury sustained by his child, a boy aged 18 months, at the time of the accident, near the Western Union Telegraph Office, in Salt Lake City, on the east side of Main street. Ice had been allowed to accumulate on the sidewalk, caused by the freezing of water which came down a conductor and a waste pipe leading from a sink, and was allowed to flow out and over the sidewalk. The conductor had been there a long time, and the water flowing from thence would freeze and thaw as the weather was cold or warm. The conductor was about four inches in diameter, made of tin, and was used to carry off the rain or snow as it melted from the roof of the building adjoining the walk. The sidewalk at this place was also sloping or slanting to the south, and also towards the curb, making it all the more dangerous and slippery when the water froze. At the time of the accident, the ice covered a space of two or three feet wide across the sidewalk diagonally towards the curb, and was from one to fifteen inches thick, measuring from the curb up to the mouth of the conductor. At the time of the accident, a slight snow was and had been falling for several hours, which in a large measure covered and obscured the ice. On the 7th day of January, 1892, in the afternoon, about 5 o'clock, respondent's wife was walking along the sidewalk at a usual gait, carrying the child in her arms, and, when she reached this place covered with ice, slipped and fell as she walked upon it. In falling, the child was thrown with considerable force to the walk,

striking with its back on the sidewalk, from which the child received an inguinal rupture.

At the conclusion of the testimony for the respondent, appellant moved the court for a nonsuit, and the motion was denied, and appellant rested the case without introducing or offering any evidence. After argument by counsel, the court charged the jury, and they retired to consider of their verdict. Later they returned into court for further instruction, and the court, in open court, and in the presence of counsel for the respective parties, further charged the jury. The whole charge, as given in open court, was, at the request of the jury, sent to their room in writing. The jury rendered a verdict in favor of the respondent. Appellant's motion for a new trial was denied, and this appeal is prosecuted from the order refusing a new trial, and from the judgment.

The errors assigned and relied on are: *First.* The evidence was insufficient to sustain the verdict or any verdict for respondent, and appellant's motion for a nonsuit should have been granted. *Second.* The court erred in refusing to give the requests of appellant. *Third.* The court erred in permitting its written charges to be sent to the jury.

That the ice in question was not the result of snow or rain falling or dripping from eaves, and not from any natural cause, but was caused from water discharged on the sidewalk by means of a conductor used to carry water from the roof of the building, and, too, by a defective one, and from a waste pipe, is clear from the evidence. The ice was the result of an artificial, and not a natural, cause. There is no evidence at all to sustain appellant's contention that the ice was the result of the prevailing weather, and not one witness in the case so testified. Where a corporation permits the discharge of water from adjoining houses to be obstructed, or permits the water to

be discharged on its walk by some artificial means, and there allowed to freeze, in such case its own act of wrongdoing contributes to the accumulation of the dangerous ice, and the corporation will be held liable. Here the ice is the result of an artificial, not of a natural, cause. Where a municipal corporation has permitted ice and snow to accumulate and remain upon sidewalks of a large city in the business part thereof for an unreasonable time, in a rounded, uneven, and dangerous condition, and an injury occurs by reason thereof to one who is properly using the walk, the municipality is liable. Elliott, Roads & S. p. 459; *Collins* v. *Council Bluffs*, 32 Iowa, 324; *McLaughlin* v. *City of Corry*, 77 Pa. St. 109; *Luther* v. *Worcester*, 97 Mass. 268; *Morse* v. *Boston*, 109 Mass. 446. In this case the evidence shows that there was ice at the point mentioned on the sidewalk all winter, and this ice was there accumulating from December to January 7, the time of the injury.

The question of notice to appellant was one of fact for the jury to determine, and not a question for the court. Elliott, Roads & S. p. 461; Dill. Mun. Corp. § 1026. In Wisconsin, where a defect in a sidewalk existed one day, and in Massachusetts, where a defect in a highway existed 13 hours, and in Connecticut, a few hours, from frozen water, it was held that it was for the jury to determine whether that constituted sufficient notice. *Howe* v. *City of Lowell*, 101 Mass. 99; *Sheel* v. *City of Appleton*, 49 Wis. 125, 5 N. W. 27; *Gaylord* v. *City of New Britain*, 58 Conn. 398, 20 Atl. 365. This defect and accumulation of ice was on the most-traveled walk in the city. The question of notice is not alone determined from the length of time a defect has existed, but also from the nature and character of the defect, the extent of the travel, and whether it is in a populous or sparsely-settled part of the

city.    Besides, there is, in  this case, evidence tending to
show actual notice to the city.    The question as to whether
the acts and conduct of appellant, and the facts, as shown
by the evidence, constitute negligence was one for the
jury to pass upon.    *Bowers* v. *Railroad  Co.*, 4 Utah, 215,
7 Pac. 251.    The court, therefore, did not err in sub-
mitting the case to the jury.

The charge of the  court correctly stated the law in the
premises, and all the  requests of  appellant were substan-
tially given in the charge of  the  court.    Appellant, how-
ever, is not in a position to avail itself of any error in the
charge of the court, should  there  be  any, for it has not
properly made and saved its  exceptions.    The only excep-
tions taken  by appellant are:    "In this case we desire to
have an exception to each paragraph of  the charge of the
court; also save our exceptions to the refusal of the court
to give the instructions asked  for  by the defendant."    This
court has held that such exceptions are too general, both
for an exception  to the  charge as  given  and for the
requests refused.    *Marks* v. *Tompkins*, 7  Utah, 421, 27
Pac. 6.    General exceptions  to all  the instructions are of
no effect, and will not be  considered if any portion of the
charge is correct.    Exceptions must be specific to the par-
ticular instructions.    *Nelson* v. *Brixen*, 7 Utah, 454, 27
Pac. 578;  *Cooper* v. *Schlesinger*, 111 U. S. 148, 4 Sup. Ct.
360; *Railway Co.* v. *Jurey*, 111 U. S. 584, 4 Sup. Ct. 566.
An exception to each and every part of the charge is too
general.    It has been too frequently decided in this court
to require authorities to sustain the proposition that where
the charge gives the substance of the requests for instruc-
tions, or where the charge as a whole covers the questions
embraced in the requests, it is not error to refuse the
requests, even though technically good in law.    In such
case the court is not bound to use the language of coun-
sel, but may use its own.    This has uniformly been the

practice in this territory, and is sustained by the supreme court of the United States. *People* v. *Chadwick,* 7 Utah, 141, 142, 25 Pac. 737; *Cunningham* v. *Railway Co.,* 4 Utah, 206, 7 Pac. 795; *People* v. *Olsen,* 4 Utah, 413, 11 Pac. 577; *People* v. *Hampton,* 4 Utah, 258, 9 Pac. 508; *Clampitt* v. *Kerr,* 1 Utah, 247; *Railroad Co.* v. *Horst,* 93 U. S. 291; *Laber* v. *Cooper,* 7 Wall. 565.

The court did not err in permitting the jury to take to their room the charge of the court after it was reduced to writing.    All the charge was given in open court, and in presence of counsel for both parties.    That it is proper to allow written instructions to go to the jury room, see *People* v. *Cummings,* 57 Cal. 88.    In the absence of contrary statutory direction on the subject, the instructions given by the court to the jury in writing may, in the discretion of the court, be taken with them to their room when they retire to deliberate.

Differences of climate and locality are to be considered in determining the liability of municipalities for their failure to exercise care in removing ice and snow from their walks.    Each case must be considered with reference to the climate of the place.    In Minnesota, where snow and ice exist almost constantly through the winter season, to require municipalities to keep their walks absolutely free of ice and snow would be highly unreasonable.    But in other localities and in a warmer climate, like Utah, where snow and ice, although not unusual, are by no means continuous, to require the municipalities to keep their walks free of ice and snow, especially in particular localities, is by no means unreasonable.    Jones, Neg. Mun. Corp. § 100.

Upon a full examination of the case and authorities cited, we are of the opinion that the judgment should be affirmed; and it is so ordered.

SMITH and KING, JJ., concur.