# CARVER *v.* O'NEAL.

CONSTITUTIONAL LAW; JUSTICES OF THE PEACE; PLEADING AND PRACTICE; BILL OF PARTICULARS; JOINDER OF ISSUE; CERTIORARI.

1. The act of Congress of February 19, 1895 (28 Stat. 668), enlarging the jurisdiction of justices of the peace in this District, is constitutional; *following* Railway Co. *v.* O'Neal, 10 App. D. C. 205.

2. The statements contained in the return made to a writ of *certiorari* must, on an appeal from an order quashing the writ, be taken to be true, when in conflict with the statements of the petition for the writ.

3. Where a complaint before a justice of the peace sufficiently informs the defendants what the cause of action is, and it does not appear that a refusal of the justice to require of the plaintiff a bill of particulars in any manner injured or hindered the defendants, such refusal will not be held to be error.

4. A failure to join issue is cured by verdict and judgment.

5. *Quære*, whether irregularities in a trial before a justice of the

peace, such as a failure by the justice to require a bill of particulars, or by one of the parties to file a joinder of issue, can be inquired into by *certiorari.*

No. 709. Submitted October 5, 1897. Decided November 1, 1897.

HEARING on an appeal by the petitioner from an order quashing a writ of *certiorari* to a justice of the peace. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from an order of the Supreme Court of the District of Columbia, quashing a writ of *certiorari* issued from that court to a justice of the peace to procure the vacating of a judgment which he had entered pursuant to the verdict of a jury.

Suit was instituted before Charles F. Scott, a justice of the peace, by the appellee, John C. Hennings, to recover damages to the amount of three hundred dollars for alleged personal injuries claimed to have been sustained by him through the negligence of the appellants. The injuries were stated to have occurred in the course of the construction of a building belonging to the appellant, the Capital Traction Company, in consequence of a defective scaffold, the other appellant, Frank N. Carver, being the contractor for the construction of the building. On the day specified in the summons served upon them, both of the appellants, who were jointly made defendants in the suit, appeared before the justice, and procured the removal of the cause, in accordance with the provisions of the statute authorizing such removal, to another justice, who was Lewis I. O'Neal, the appellee.

It is alleged by the appellants that on the removal of the cause to O'Neal, they requested that justice to require the plaintiff in the cause to render to them a bill of particulars, and that he refused the request. They also say that thereupon the plaintiff requested a trial by jury, and that the justice, before any issue joined between the parties, caused

a writ of *venire* to be issued for the summoning of a jury.
The cause was continued for eight days. In the meantime
writs of subpœna for the attendance of witnesses were issued
at the instance, of both parties; and on the day assigned for
the trial, both parties appeared by counsel, announced
themselves ready, and the jury being sworn, proceeded to
examine and cross-examine witnesses.

The question was raised at the trial, whether the Traction
Company was liable, inasmuch as it was claimed that the
other defendant, Carver, was an independent contractor, and
that he only, if any one, was liable. It appears that there
was testimony on both sides of the question.

Instructions to the jury were requested by both parties;
but it is not agreed between them what instructions were
actually given. The appellants allege, in their petition sub-
sequently filed for the writ of *certiorari*, that the justice
"stated to the jury that the subject was so complicated and
involved such intricate propositions of law that he would not
instruct them at all upon that branch of the case, but would
submit the question of law to the jury to decide;" and that
the appellants objected or excepted to this course. But the
justice in his return to the writ states "that being of the
opinion that the authorities read by Mr. Birney (who was
attorney for the plaintiff) were binding and covered the case,
he told the jury that the law was as stated by the Supreme
Court of the United States in the case they heard read by
Mr. Birney, and that he would submit the facts to them
without further instruction." And he adds that he did not
state to the jury that he would submit the law to them, and
that he did not do so.

The jury rendered a verdict for the plaintiff for the sum
of $200 and costs, upon which the justice entered judgment.

Before the issue of any execution upon the judgment, the
defendants in the cause filed their petition in the Supreme
Court of the District of Columbia, for a writ of *certiorari* to
require the justice to vacate the judgment, on account of the

alleged irregularities that had occurred in the cause, and on account of the alleged unconstitutionality of the statute of February 19, 1895, under which he had proceeded in the cause. The justice of the peace made return to the writ. And from the petition and return the facts here stated appear.

Upon motion, the writ was quashed; and from the order quashing it the present appeal has been prosecuted by the petitioners.

*Mr. M. J. Colbert* for the appellants.

*Mr. Arthur A. Birney* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

As already intimated, the grounds on which it is sought to sustain the writ are two: 1st. The alleged unconstitutionality of the Act of Congress of February 19, 1895 (28 Stat. 668), whereby the jurisdiction of justices of the peace was sought to be enlarged and regulated; and, 2d. The alleged irregularities that occurred in the proceedings before the justice of the peace.

1. With reference to the first ground, it is conceded by the appellants that, so far as this court is concerned, the question is no longer an open one and is concluded by the decision in the case of *The Brightwood Railway Company* v. *O'Neal*, 10 App. D. C. 205. They admit that they raise it only to preserve their rights in the event that the Supreme Court of the United States should be of a different opinion upon the question. In view of our decision in the case cited, we must regard this ground as untenable.

2. The second ground we must regard as equally untenable. So far as the statements contained in the petition of the appellants, respecting the alleged irregularities complained of by them, are in conflict with the statements in the return made by the justice of the peace, the latter, for the purpose of the present hearing, must necessarily be ac-

cepted as true. This return denies, as a matter of fact, the occurrence of any such irregularities, possibly excepting two, the refusal of the justice to direct the plaintiff to render a bill of particulars, and the fact that there was no joinder of issue before the empanneling of the jury. But it is not made apparent that there was any error of the justice in either of these two regards. A bill of particulars before a justice of the peace is somewhat unusual; and while it is proper that it should be demanded and rendered whenever the defendant is not sufficiently informed by the complaint what the cause of action is to which he is required to respond, yet it appears in the present case that the complaint was sufficiently definite (*Garfield* v. *Paris*, 96 U. S. 557); and it does not appear, and it is not even alleged, that the defendants in the cause were in any manner injured or hindered in their defence by the ruling of the justice or by the absence of a more specific bill of particulars. Nor is the alleged failure of the parties to join issue before the summoning of the jury a good ground for interfering with the judgment rendered. There are no formal pleadings before a justice of the peace. When parties appear and announce themselves for trial, and a trial actually supervenes with verdict and judgment, such announcement must be regarded as the equivalent of a joinder of issue. Even in the courts of general jurisdiction, where there are regular pleadings, and where a joinder of issue is a technical necessity, the irregularity of its omission is cured by verdict and judgment. *Laber* v. *Cooper*, 7 Wall. 565.

Finding in the record no such irregularities as are alleged by the appellants, we deem it unnecessary to enter into a discussion of the question, whether such irregularities, if they were shown to exist, could properly be inquired into by means of the writ of *certiorari.* We need not, therefore, consider here the very learned and elaborate opinion of Mr. Justice Cox, in the case of *Adriaans* v. *Johnson*, 24 Wash. Law Rep. 581, cited by the appellants, wherein, at the special

term of the Supreme Court of the District, he discussed at considerable length the question of the functions of the writ in this District as addressed to justices of the peace for the purpose of reviewing and correcting errors committed by them.   It is proper, however, to remark that the opinion in question was rendered by Mr. Justice Cox before the vexed question of the jurisdiction of the justices of the peace was brought forward in the cases already cited of *The Brightwood Railway Company* v. *O'Neal* and *Hof* v. *The Capital Traction Company.*   See, also, *Clark* v. *Hendley,* 8 App. D. C. 165.

Being of the opinion that the order of the court below quashing the writ of *certiorari* in the case was right, we must *affirm that order, with costs.   And it is so ordered.*

The CHIEF JUSTICE concurs in the conclusion here reached, while adhering to his opinion in the cases of *The Brightwood Railway Company* v. *O'Neal* and *Hof* v. *The Capital Traction Company.*