## MEYER et al. v. RICHARDS.

### (Circuit Court of Appeals, Third Circuit. November 4, 1901.)

APPEAL AND ERROR—REVIEW—INSTRUCTIONS.
    Where the charge given by the court covers the entire case, and
    properly submits it to the jury, it is not reversible error to refuse further
    instructions requested.

In Error to the Circuit Court of the United States for the District of New Jersey.

John H. Backes and Michael Dunn, for plaintiffs in error.
Arthur J. Baldwin, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

ACHESON, Circuit Judge. Samuel W. Richards brought an action in the court below against Meyer Bros. to recover damages for a breach by them of a written contract, of which the following is a copy:

"Memorandum of agreement, made this 12th day of October, 1899, between Meyer Brothers, of Paterson, New Jersey, and Samuel W. Richards, of New York City, witnesseth: That said Meyer Brothers agree to employ said S. W. Richards as general manager of their department store in the city of Paterson, N. J., and said S. W. Richards accepts said employment, to begin October 12th, 1899, and to continue for the term of two years from that date, at the yearly salary of fifty-five hundred dollars ($5,500.00), to be paid in equal monthly installments of $458.33 per month, which said Meyer Brothers agree to pay. Said S. W. Richards agrees faithfully and diligently to discharge the duties assigned to him as such general manager by said Meyer Brothers. It is expressly understood and agreed, however, that either party may terminate this contract at the end of one year from its beginning by giving at least three months' notice in writing of the intention so to do.                                                  S. W. Richards.
                                                   "Meyer Bros."

The plaintiff below recovered a verdict for $5,303.08, and judgment thereon was entered. This writ of error is brought by the defendants below to reverse that judgment.

It appeared that the plaintiff entered upon the discharge of his duties under the above contract on Monday, October 16th, and that he was discharged by the defendant at the end of two weeks, namely, on November 1st. The case turned upon the question (as to which the testimony of the parties conflicted) whether the discharge was for good cause. The assignments of error go to the refusal of the court to charge the jury in accordance with four special requests for instructions submitted on behalf of the defendants. The first of these requests was in the words following:

"If the jury believe that on October 31st, Leopold Meyer, one of the defendants, ordered the plaintiff to change their advertisement in the Paterson News of October 30th so as to advertise in the next issue of that paper the 'Alteration Sale,' then going on at the defendants' store, and the plaintiff disobeyed that order, the defendants were justified in dismissing him from their employ; and, if that was the cause, or one of the causes, for the discharge, the plaintiff cannot recover."

Now, while it is true that the court did not specifically answer this proposition, it was substantially affirmed in and by the general charge. Thus, in concluding a discussion of the alleged willful disobedience of an order to change the above-mentioned advertisement, the court said:

"On the other hand, a direct and deliberate disobedience of orders is a violation of the contract of service; and, when it is once made out under such circumstances as will justify the jury in believing it to be deliberate, then it warrants the conclusion that the other party is justified in discharging the one who is thus forgetful of his duty, and has so contravened the terms of his contract of service."

And again, at the close of the charge, the court said:

"I will only repeat that, in order to find a verdict for the plaintiff, you must be of the opinion that he was discharged without reasonable cause; that is, that there has been shown to you on the part of the plaintiff no incompetence for the special duties that he assumed, no specific, deliberate, and undoubted disobedience of orders, and no such conduct—no such acts—on his part from which you would be justified in inferring that he lacked those qualities which would be necessary to render him capable of performing the duties that he had undertaken."

The hypothetical statements upon which the other requests were based, namely, that the plaintiff's conduct towards the employés was coarse, abusive, and insulting, and humiliated them in the presence of the customers, and that he frequently neglected to perform the duties he had undertaken in respect to advertising, in our judgment, were not warranted by the evidence. But, finally, the general charge of the court was full and fair. The instructions given to the jury adequately covered the facts and law of the case, and the determination of the controlling issue of fact was left to the jury upon all the evidence. More than this the defendants had no right to demand, and no error was committed by the court in declining to answer the specific requests. Thus, in Railroad Co. v. Horst, 93 U. S. 291, 295, 23 L. Ed. 898, 899, the supreme court, speaking by Mr. Justice Swayne, said:

"It is the settled law in this court that, if the charge given by the court below covers the entire case, and submits it properly to the jury, such court may refuse to instruct further. It may use its own language, and present the case in its own way. If the results mentioned are reached, the mode and manner are immaterial. The court then has done all that it is bound to do, and may then leave the case to the consideration of the jury. Neither party has the right to ask anything more. Laber v. Cooper, 7 Wall. 565, 19 L. Ed. 151."

We find no error in this record, and the judgment of the circuit court is therefore affirmed.