371 P.2d 644

Cecilia WILSON and Clara Martin, Plaintiffs and Respondents,

v.

SALT LAKE CITY, a Municipal Corporation, Defendant and Appellant.

No. 9567.

Supreme Court of Utah.

May 17, 1962.

---

2. Northcrest, Inc. v. Walker Bank & Trust Co., 122 Utah 268, 248 P.2d 952.

Homer Holmgren, City Atty., Leon Halgren and A. M. Marsden, Asst. City Attys., Salt·Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for respondents.

WADE, Chief Justice.

Salt Lake City, a municipal corporation, appeals from a jury verdict and judgment thereon for personal and property damages sustained when the right rear wheel of the automobile owned by Cecilia Wilson, which was being driven by her daughter Clara Martin, and in which she was a passenger, crashed through a defective manhole lid on 13th West Street in Salt Lake City, Utah.

Appellant contends that there was insufficient evidence to submit to the jury the question of whether it was negligent in failing to maintain 13th West Street in a reasonably safe condition for vehicular traffic by allowing a broken and cracked manhole lid to remain in that street for a sufficient length of time to .warrant a finding of constructive notice of such defect in the absence of evidence of actual notice.

Viewing the evidence in a light most favorable to respondents, it appears that the accident occurred in a residential portion of the city, and that the city for some time prior to the accident had been engaged through a private contractor in putting in a storm sewer in that vicinity; that the installation of this storm sewer caused unusually heavy use by heavy trucks, equipment and buses on the street where the manhole cover was located; that the broken and cracked condition of the manhole cover had been observed by residents of the neighborhood to have been there for a period of at least 10 days before the accident; that the manhole cover had been tipped out of place on more than one occasion before the accident, and that on one occasion a city truck was present and the person operating it could have observed this hazardous condition. Under such circumstances we are of the opinion that there was sufficient evidence to submit to a jury the question of whether the defective condition of the manhole cover had existed for a sufficient length of time under circumstances which the city, had it used reasonable diligence in making inspections, would have discovered and been able to correct before the occurrence of the accident. As

we stated in Scoville v. Salt Lake City:[1] "The question of notice is not alone determined from the length of time a defect has existed, but also from the nature and character of the defect, the extent of the travel, and whether it is in a populous or sparsely-settled part of the city. * * * The question as to whether the acts and conduct of appellant, [the city] and the facts, as shown by the evidence, constitute negligence was one for the jury to pass upon * * *."

■ The city also contends that under our recent decision in Cobia v. Roy City[2] this court has held that cities operate sewer systems in a governmental capacity and therefore cannot be held liable for any injuries or damages caused by negligent operation of such systems. There is no merit to this contention since the city is not sought to be held for its negligence in operating a sewage system, but rather is being held liable for negligence in failing to maintain its streets in a safe and unobstructed condition, immunity for which the legislature has expressly waived by the provisions of Sec. 10-7-77, U.C.A.1953.

Affirmed.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

1. Scoville v. Salt Lake City, 11 Utah 60, pp. 65-66, 39 P. 481, p. 482; see also Jones v. Ogden City, 32 Utah 221, 89 P. 1006.

2. Cobia v. Roy City, 12 Utah 2d 375, 366 P.2d 986.